No. 05-732

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 229

_____

IN THE MATTER OF THE ESTATE OF
MARK A. LAMBERT, deceased,

_____

APPEAL FROM:    District Court of the Second Judicial District,
                In and for the County of Silver Bow, Cause No. DP-04-72
                The Honorable John W. Whelan, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Thomas H. Guthrie, Attorney at Law, Athens, Alabama
            William F. Frazier, Jr., Attorney at Law, Big Timber, Montana

        For Respondent:

            Mark A. Vucurovich, Henningsen, Vucurovich & Richardson, P.C., Butte,
            Montana
            Stephen M. Wilson, Stephen M. Wilson, P.C., Huntsville, Alabama

                                    _____

                                    Submitted on Briefs:  August 3, 2006

                                            Decided:  September 13, 2006

Filed:

                _____
                                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1    Joshua Lambert (Joshua) appeals from an order of the Second Judicial District, Silver Bow County, denying his motion to dismiss Charlotte Lambert's (Charlotte) Petition for Formal Probate of Will, Determination of Testacy and Heirs, and Appointment of Personal Representative.  We affirm.

¶2    Joshua presents the following issues on appeal:

¶3    1.    Whether the District Court possessed jurisdiction to rule on Charlotte's petition.

¶4    2.  Whether the District Court erred in determining that the handwritten document Charlotte offered for probate constituted a valid holographic will.

### FACTUAL AND PROCEDURAL BACKGROUND

¶5    The decedent, Mark Lambert (Mark), died in a car accident on May 27, 2004, in Sweet Grass County, Montana.  Mark recently had left his home in Huntsville, Alabama apparently to seek employment in the Yellowstone National Park area.  He had all of his personal property with him in his car at the time of the accident, with the exception of $115.67 held in a bank account in Alabama.  Mark was survived by three children, including Joshua, and his mother, Charlotte.

¶6    Joshua petitioned the Probate Court of Madison County, Alabama, for Letters of Administration.  Joshua's petition stated that Mark "died leaving no Last Will and Testament so far as your petitioner knows or believes."  Alabama law does not require that notice be provided to the heirs at law or next of kin before a court will issue Letters of Administration.  The Probate Court of Madison County granted Joshua Letters of

2

Administration and appointed him as the personal representative of Mark's estate on July 9, 2004. No notice was provided to the heirs at law or next of kin. The Alabama court has not further adjudicated Mark's estate.

¶7 Charlotte located Mark's will in July of 2004 while reviewing his papers. Mark hand wrote and signed the will in Fulton County, Georgia, in December of 1999. The will named Charlotte as the executrix of his estate. Charlotte filed a petition for Formal Probate of Will, Determination of Testacy and Heirs, and Appointment of Personal Representative in Silver Bow County and offered Mark's handwritten will for probate. Charlotte's petition stated that jurisdiction in Silver Bow County was proper based upon the possibility of litigation in Montana.

¶8 Joshua filed a motion to dismiss Charlotte's petition, arguing that the court lacked jurisdiction and that Montana law rendered invalid the handwritten will. The District Court granted Charlotte's petition. The court maintained that it had jurisdiction pursuant to § 72-1-202, MCA, that provides for jurisdiction to the full extent permitted by the Constitution "over all subject matter relating to . . . estates of decedents, including construction of wills and determination of heirs, and successors of decedents . . . ." The court noted that the wrongful death cause of action constituted the primary asset of Mark's estate, and qualified as "property" under Montana's Uniform Probate Code. The court further noted that Montana law determined that the handwritten document qualified as a valid holographic will. The court thus ordered that the administration of Mark's estate proceed in Silver Bow County. Joshua appeals.

## STANDARD OF REVIEW

¶9 We review a district court's findings of fact to determine if they are clearly erroneous. *Watson v. Dundas*, 2006 MT 104, ¶ 17, 332 Mont. 164, ¶ 17, 136 P.3d 973, ¶ 17. A court's findings prove clearly erroneous if they are not supported by substantial evidence, the court misapprehended the effect of the evidence, or we are convinced by our review of the record that the district court made a mistake. *Watson*, ¶ 17. We review a district court's conclusions of law for correctness. *Watson*, ¶ 17.

## DISCUSSION

¶10 *Whether the District Court possessed jurisdiction to rule on Charlotte's petition.*

¶11 Joshua argues that the District Court lacked jurisdiction because Mark was an Alabama resident and left no property in Montana. He asserts that the wrongful death cause of action cannot serve as property for purposes of Montana's Uniform Probate Code. Charlotte counters that Mark briefly survived the accident and that the wrongful death action contains a derivative survivorship claim. She further maintains that any damages arising from the survivorship claim belong to Mark's estate and must be distributed by the personal representative pursuant to Montana's probate laws.

¶12 At the outset we note that § 72-3-312, MCA, requires that a "final order of a court of another state determining testacy, the validity or construction of a will, *made in a proceeding involving notice to and an opportunity for contest by all interested persons* must be accepted as determinative by the courts of this state . . . " (emphasis added). Alabama law does not require notice, however, to heirs-at-law or next of kin. *See* Ala. Code §§ 43-2-40 through -48. In fact, the District Court specifically found that the

4

Probate Court of Madison County, Alabama, did not provide notice or a hearing to Mark's heirs or next of kin. As a result, we are not required to accept the Alabama court's order as determinative. Moreover, as mentioned above in ¶ 6, the Alabama probate court has not entered a final order determining testacy or the validity or construction of a will. We conclude therefore that we are not bound by the Letters of Administration issued from the Probate Court of Madison County, Alabama, in light of the Alabama court's failure to provide notice or a hearing to Mark's heirs or next of kin. Section 72-3-312, MCA.

¶13 Montana courts possess jurisdiction over "all subject matter relating to . . . estates of decedents, including construction of wills and determination of heirs . . . ." Section 72-1-202, MCA. Montana's Uniform Probate Code applies to "the property of nonresidents located in this state or property coming into the control of a fiduciary who is subject to the laws of this state . . . ." Section 72-1-201(2), MCA. The Legislature defined "property" broadly, as "anything that may be the subject of ownership." Section 72-1-103(40), MCA.

¶14 Montana law provides for two separate causes of action for survivors of a decedent whose death is caused by the negligence of another. Section 27-1-501, MCA, and § 27-1-513, MCA. Section 27-1-501, MCA, provides for survival cause of action and § 27-1-513, MCA, provides for a wrongful death action.

¶15 A survival cause of action provides that tort actions in existence during the decedent's lifetime survive his death. Section 27-1-501, MCA. No survival cause of action exists if the decedent died instantaneously. Section 27-1-501, MCA. Survival

5

actions belong to the decedent's estate and any damages recovered are personal to the decedent and likewise belong to his estate. *Payne v. Eighth Judicial Dist. Court,* 2002 MT 313, ¶ 7, 313 Mont. 118, ¶ 7, 60 P.3d 469, ¶ 7. Only the personal representative may pursue survival actions for damages suffered by the decedent. *Payne*, ¶ 7; § 27-1-501, MCA. Personal representatives must distribute damages awarded in a survival action in accordance with the laws of probate. *Swanson v. Champion Intern. Corp*. (1982), 197 Mont. 509, 516, 646 P.2d 1166, 1169.

¶16   Wrongful death actions, on the other hand, are personal to the decedent's heirs and independent of any cause of action available to the decedent's estate. Section 27-1-513, MCA; *Payne*, ¶ 8. This right of recovery seeks to compensate the heirs for the harm or damages that they personally suffered as a result of the decedent's death. *Payne*, ¶ 8. Thus, any damages awarded in wrongful death causes of action are personal to the decedent's heirs and do not belong to the decedent's estate. *Swanson*, 197 Mont. at 517, 646 P.2d at 1170.

¶17   Section 27-1-501(2), MCA, requires survival and wrongful death actions to be "combined into one legal action" and provides that "any element of damages may be recovered only once." Charlotte maintains that the autopsy report and accident report from Mark's death indicate that he survived for "an appreciable length of time" following the accident. Joshua does not dispute these reports. These facts give rise to a potential survival right of action that would "belong" to Mark's estate. *Payne*, ¶ 7. The survival action therefore constitutes "property" under Montana's Uniform Probate Code. We

6

accordingly conclude that the District Court properly exercised jurisdiction over Charlotte's petition pursuant to § 72-1-201(2), MCA.

¶18 *Whether the District Court erred in determining that the handwritten document Charlotte offered for probate constituted a valid holographic will.*

¶19 Joshua argues that the handwritten document Charlotte offered for probate does not qualify as a valid holographic will. He contends that the District Court should have applied Georgia or Alabama law when determining the validity of the holographic document, and that under the laws of those states the document was invalid. He further argues that no evidence exists demonstrating that Mark intended the document to constitute his will. Charlotte counters that Montana law applies and renders valid the holographic document as Mark's final will.

¶20 As noted, Montana's Uniform Probate Code applies to "the property of nonresidents located in this state . . . ." Section 72-1-201(2), MCA. As we have already determined that the potential survivorship cause of action constitutes property for purpose of Montana's Uniform Probate Code, we will apply Montana law in assessing the validity of the holographic document that Charlotte submitted for probate.

¶21 Three requirements must be met for a holographic will to be a valid in Montana. First, the testator must be at least eighteen years of age and of sound mind. Section 72-2-521, MCA. Second, a holographic will meets the formalities of execution if its material provisions are in the handwriting of the testator and signed by the testator. Section 72-2-522, MCA. Finally, the testator must have testamentary intent; he or she must intend that the document will dispose of his property after death. *See e.g. Matter of Estate of*

7

*Ramirez* (1994), 264 Mont. 33, 36, 869 P.2d 263, 265; *In re Coleman's Estate* (1961), 139 Mont. 58, 359 P.2d 502; *In re Van Voast's Estate* (1954), 127 Mont. 450, 266 P.2d 377; *In re Augestad's Estate* (1940), 111 Mont. 138, 106 P.2d 1087.

¶22     Joshua does not contest the facts that Mark was at least eighteen years of age and of sound mind at the time that he executed the holographic document in 1999.  Section 72-2-522(2), MCA, provides that a "will . . . is valid as a holographic will, whether or not witnessed, if the signature and material portions of the document are in the testator's handwriting."  A written will is valid if written in compliance with § 72-2-522, MCA. Section 72-2-526, MCA.  The District Court found that Joshua offered no evidence to contest that the holographic document submitted by Charlotte for probate was written and signed by Mark.  The entire document is in Mark's handwriting and it bears his signature.

¶23     These findings of the District Court and Joshua's concessions leave only the matter of Mark's testamentary intent at issue.  The District Court determined that the holographic document itself established by clear and convincing evidence that Mark intended the writing to constitute his will.  Mark titled the document "Last Will and Testament," and states that he does "hereby make, publish, and declare this instrument as and for my Last Will and Testament, hereby expressly revoking any and all will and codicils (especially that are signed by me (Mark A. Lambert) on November 30, 1995,) heretofore made by me."  Mark proceeds to devote eleven pages to detailing his wishes for the distribution of his estate.

¶24     The testamentary intent that must be present is the intention to dispose of property after the testator's death.  *Van Voast*, 127 Mont. at 452-453, 266 P.2d at 378-379.   The

8

holographic document satisfies this criterion as evidenced by its opening line, as discussed above, ¶ 23, *supra*, and by its repeated references on disposing of his property throughout the eleven page holographic document. According to § 72-3-310, MCA, Joshua, as the contestant of the will, bears the burden of establishing lack of testamentary intent. We cannot say that the District Court committed error in finding Mark intended the document to constitute his will. We therefore conclude that the District Court properly determined that the document constitutes a valid holographic will under Montana law.

¶25    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER


Justice James C. Nelson concurs.

¶26    I concur in the Court's Opinion with the exception of the statement in ¶ 12.

¶27    I cannot agree that because the requirements of Alabama probate law do not track precisely with those of Montana probate law, we are, as a result, at liberty to not accept the orders, judgments and decrees of our sister state.

¶28    Indeed, the Full Faith and Credit Clause of the United States Constitution, Article IV, Section 1, requires that full faith and credit be given in each state to the public acts,

9

records and judicial proceedings of every other state. Moreover, this obligation is "exacting." As we stated in *Carr v. Bett,* 1998 MT 266, ¶ 39, 291 Mont. 326, ¶ 39, 970 P.2d 1017, ¶ 39:

> The U.S. Supreme Court has held that the full faith and credit obligation owed to final judgments is exacting. A final judgment rendered by a state court is entitled to full faith and credit in the courts of its sister states. *Underwriters National Assur. Co. v. North Carolina Life and Accident and Health Insurance Guaranty Ass'n* (1982), 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558. The U.S. Supreme Court has stated that full faith and credit "generally requires every State to give to a judgment at least the *res judicata* effect which the judgment would be accorded in the State which rendered it." *Durfee v. Duke* (1963), 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186[]. Moreover, "the judgment of a state court should have the same credit, validity, and effect, in every other court of the United States, which it had in the state where it was pronounced." *Underwriters National Assur. Co.*, 455 U.S. at 704, 102 S.Ct. at 1365, 71 L.Ed.2d at 570 (citations omitted).

¶29 While there are defenses to the application of the full faith and credit doctrine, none of those are articulated here. *See Carr*, ¶ 42 (defenses of lack of personal and subject matter jurisdiction of the foreign court, fraud in the procurement of the judgment, lack of due process, satisfaction, or other grounds that make the judgment invalid or unenforceable, may be raised by a party seeking to reopen or vacate a foreign judgment).

¶30 More to the point, the only relevance of Alabama's probate proceedings to this matter would have to do with who is appointed personal representative of Mark Lambert's estate in Montana. That is not an issue here. Joshua, as the domiciliary personal representative in Alabama would typically have priority to be appointed personal representative in Mark's estate proceedings in Montana. Section 72-3-506,

MCA.  However, here, the exemption in this statute applies because Mark's holographic will specifically named Charlotte as the personal representative.

¶31    With those caveats, I concur.

/S/ JAMES C. NELSON