JUSTICE WHEAT
dissents.
¶40 I dissent. In my opinion, the unavailability of wage loss benefits to a non-dependent parent violates the quid pro quo that supports the WCA. Furthermore, the $3,000 death benefit that is available to a non-dependent parent is unreasonable and also violates the quid pro quo.
¶41 Under the Act, the legislature has used “dependency” as a cut-off point for the recovery of wage loss benefits. Although Carol was partially dependent on Tim's wages, she did not meet the statutory definition, so her benefits were limited to a payment of $3,000. This paltry amount has no reasonable correlation to Tim's actual lost future earnings, which were nearly $800,000.
¶42 If Tim had been killed in a car crash caused by another person’s negligence, Carol, as the personal representative, would have been able to recover damages in a survival action pursuant to § 27-1-501, MCA, including the present value of Tim’s lost future earnings. The survival action is personal to the decedent and any damages recovered belong to the decedent’s estate and are distributable to the heirs of the decedent. See Swanson v. Champion Intl. Corp., 197 Mont. 509, 515, 646 P.2d 1166, 1169 (1982); Payne v. Eighth Jud. Dist. Ct., 2002 MT 313, ¶ 7, 313 Mont. 118, 60 P.3d 469. The complete denial of future wage loss benefits to Tim’s estate violates the quid pro quo and should remove the exclusivity protection under the Act.
¶43 In my opinion, if there are no “dependency” beneficiaries, as defined by the Act, then the wage loss benefits that would have been available to a defined beneficiary should go to the decedent’s estate for distribution to the heirs or as directed by his or her will. I cannot imagine that a working person being asked to give up what could be recovered in a survival action in exchange for worker’s compensation benefits (the quid pro quo) would not want it this way.
¶44 I would reverse the District Court and find that the quid pro quo was violated in this case.