IN THE SUPREME COURT OF THE STATE OF MONTANA

No.  AF 07-0016
_____

IN THE MATTER OF THE ADOPTION OF THE    )
NEW RULES OF APPELLATE PROCEDURE    )        O R D E R
_____

Many of the present Montana Rules of Appellate Procedure (M. R. App. P.), Title 25, Chapter 21, MCA, are over four decades old.  These Rules have been amended piece-meal over the years and, in many instances, are confusing, internally inconsistent, and comport neither with this Court's jurisprudence nor with current appellate practice and procedure in this State.

With these deficiencies in mind, over the last two years and in a series of public meetings, this Court has undertaken a project to comprehensively re-write and revise the M. R. App. P.  Our goal has been to draft rules that are clearer, more user-friendly, which comport with our jurisprudence and with current appellate practice and procedure, and which will facilitate presently existing and anticipated increasing use of and reliance upon electronic filing and advances in information technology.

A draft copy of these Rules, so revised and re-written, is attached to this Order and as Word and PDF document links.  We are circulating this draft for public comment, with the caveat that the Court reserves the right to make further or additional revisions to the Rules after the comment period ends, and that the Rules will be submitted to a technical writer for editing.  Furthermore, while, in some cases, comments have been appended to these draft rules, we do not anticipate adopting such comments in the final version of the Rules.  Finally, it is our intention that the present version of the M. R. App. P. will be repealed and that the revisions will be adopted in time for inclusion in the 2007 version of the Montana Code Annotated, to apply to all appeals, petitions for extraordinary writs, original proceedings, motions and other proceedings and documents filed in this Court after January 1, 2008.

We urge the practicing Bar and members of the Judiciary to provide their comments on the proposed Rules to this Court with the above-stated goals in mind.

Therefore, pursuant to Article VII, Section 2(3) of the Montana Constitution,

IT IS ORDERED that until 5:00 p.m., March 30, 2007, this Court will accept written public comments on the attached draft revisions to the M. R. App. P. Each person submitting comments shall file an original and 7 copies of his or her comments with the Clerk of this Court within the time herein provided.

IT IS FURTHER ORDERED that a copy of this Order with the attached Word and PDF document links be electronically published on the State Bar of Montana website, http://www.montanabar.org, and on the website for the Judicial Branch, http://www.courts.mt.gov, and that a copy of this Order be published in the next available issue of *The Montana Lawyer*. We leave it to the discretion of the editor of *The Montana Lawyer* whether to publish the actual draft rules in the hard copy of that publication.

IT IS FURTHER ORDERED that notice of this Order be served by electronic transmission to: the Executive Director of the State Bar of Montana; the editor of *The Montana Lawyer*; the State Law Librarian; the Code Commissioner for the State of Montana; the Clerks of the District Court with the request that they provide a copy to all District Judges in their county; the President of the Montana Judges' Association; and the President of the Montana Magistrates' Association.

Dated this 10th of January, 2007.

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JOHN WARNER

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER

/S/ JIM RICE

/S/ BRIAN MORRIS

# MONTANA RULES OF APPELLATE PROCEDURE

**Rule 1.** **Title and Scope**:  These rules may be referred to as the Montana Rules of Appellate Procedure and may be cited as M.R.App.P.

These rules shall govern proceedings before the Supreme Court.

*Comment:  The Supreme Court's jurisdiction and authority to make rules governing the practice and procedure of the courts in this state are set forth in Article VII, Section 2 of the Constitution of Montana.*

**Rule 2.** **Parties; Amicus Curiae.** (1) The following are parties to proceedings before this Court and shall be referred to as such in the caption of and signature block of documents filed with this Court:

a. Appellant: The party who appeals from and usually seeks reversal of a decision in the District Court. A party who files a cross-appeal shall also be referred to as a cross-appellant.

b. Appellee: The party who usually responds to the appeal, seeking affirmance of the District Court. A party who responds to a cross-appeal shall also be referred to as a cross-appellee.

c. Petitioner: A party who seeks relief by way of an original proceeding or an application for an extraordinary writ.

d. Respondent: The party against whom a petition is filed.

e. Relator: The real party in interest in whose name the government brings an action or proceeding before this Court.

f. Intervenor: One who, because of an asserted interest in the outcome, has voluntarily entered into an action or who is given permission to enter a proceeding before this court, despite not being named originally as a party,

(2) Amicus Curiae: One who is not a party, but who, upon leave of this Court, files a brief in a pending proceeding because of a strong interest in the subject matter.

(3) On motion of a party, or on the Court's own motion, the caption of a pending cause may be modified to more accurately reflect the actual alignment or status of a party. Upon entry of an order correcting the caption the cause shall, thereafter, proceed under that caption.


***Comment: Previous versions of the Montana Rules of Appellate Procedure did not contain definitions of the parties and non-parties that may appear before this Court. Frequently, captions include designations of parties in a confusing manner-e.g. the petitioner in a proceeding in the District Court may be referred to as the respondent in the Supreme Court. The designation, relator, is frequently misused. Our intention is that regardless of the party's designation in the District Court, in the Supreme Court, the party will only be designated as indicated above in the caption and signature block. The party's designation in the District Court can be explained in the opening paragraph of the document-e.g., The appellant, XYZ Corp., was the defendant in an action filed by Mary Jones, the plaintiff. The terms petitioner and respondent will be used in the caption and signature block only in connection with original proceedings and extraordinary writs. It is also our intention that in the text of the document***

*itself, the party will be not be referred to as indicated above, but, rather, by the party's common name-e.g. XYZ Corp. and Mary or Jones. See Rules 9 and 11 infra regarding briefing and special briefing rules in certain cases.*

**Rule 3.** **Interpretation of Time Requirements**. All time limits set forth in these rules for filing documents or performing any act are actual time limits. In order to comply with a time-specific requirement, the document must be filed or the act performed on or before the last day of the time specified. In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included, but the last day of the period shall be included. No additional time may be added to any such time requirement for mailing or transmitting any document and all weekends and holidays are included in the times specified, provided however, that if the last day of the time limit falls upon a weekend or holiday, then the time limit is extended to the next business day. All documents must be filed in the office of the Clerk of the Supreme Court between 8:00 a.m. and 5:00 p.m. on business days.

Rule 4.    **How and when to take an appeal or cross-appeal:**

(1)    **How commenced:** (a) An appeal is taken by timely filing a notice of appeal in the office of the Clerk of the Supreme Court substantially complying with Form 1 in the Appendix of Forms, along with the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms as Form 3. A copy of the notice of appeal shall be contemporaneously filed in the office of the Clerk of the District Court and served by mail on all attorneys of record and on all parties not represented by an attorney.

(b) A cross-appeal is taken by timely filing a notice of cross-appeal in office of the Clerk of the Supreme Court substantially complying with Form 2 in the Appendix of Forms, along with the filing fee prescribed by statute or the affidavit to proceed without advance payments of fees prescribed in the Appendix of Forms as Form 3. A copy of the notice of cross-appeal shall be contemporaneously filed in the office of the Clerk of the District Court and served by mail on all attorneys of record and on all parties not represented by an attorney.

(c) Except where the Supreme Court grants an a out-of-time appeal under subsection 4(d) of this Rule, the timely filing of a notice of appeal or cross-appeal is required in order to invoke the appellate jurisdiction of the Supreme Court.

(d) A notice of appeal or cross-appeal shall not be filed by the Clerk of the Supreme Court unless accompanied by the filing fee prescribed by statute or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms as Form 3.

(2)    **Joint or consolidated appeals:** (a) If two or more parties are entitled to appeal from a judgment or order of the District Court and their interests are such as to make joinder practicable, they may file a joint notice of appeal or cross-appeal, or may join in appeal or cross-appeal after filing separate notices.

(b)    Appeals or cross-appeals may be consolidated by order of the Supreme Court upon its own motion or upon motion of a party or parties.

(3)    **Content of notice of appeal or cross-appeal:** (a) The notice of appeal or cross-appeal shall specify the party or parties taking the appeal or cross-appeal; and shall designate the final judgment or order or part thereof appealed from. An appeal from a judgment draws into question all previous orders and rulings excepted or objected to and which led up to and produced the judgment.

(b)    If an appeal is taken after certification by the District Court under Rule 54(b) of the Montana Rules of Civil Procedure, the notice of appeal shall state that fact, and a copy of the certification order shall be attached to the notice. Upon the filing of such a notice, the Clerk of the Supreme Court shall immediately forward copies thereof to the Supreme Court. The appeal shall not proceed further until the Supreme Court has reviewed the certification order; has determined that the certification complies with Rule 54(b), M.R.Civ.P., Rule 4(f) of these rules, and has entered an order allowing the appeal to proceed.

7

(c)	The attorney for the appellant or cross-appellant, or the party, if not represented by an attorney, shall certify that the appeal or cross-appeal is or is not subject to the mediation process required by Rule 5.

(d)	The attorney for the appellant or cross-appellant, or the party, if not represented by an attorney, shall certify that a copy of the notice of appeal or cross-appeal was served by mailing a copy thereof to every attorney of record and to every party, not represented by an attorney, at the attorney's or party's last known address.

(e)	In the event the appellant or cross-appellant fails to comply with subsections 3(a) through (d) of this rule, the Clerk of the Supreme Court shall issue a written notice, substantially complying with Form 4 in the Appendix of Forms, directing the  appellant or cross-appellant to file an amended notice of appeal or cross-appeal within 15 days.  A notice issued by the Clerk of the Supreme Court pursuant to this subsection shall not affect the original filing date of the notice of appeal or cross-appeal.

(f)	An appeal or cross-appeal shall not be dismissed for informality of form or title so long as the information required in this subsection (3) is contained in the notice of appeal or cross-appeal.  In the discretion of the supreme court, an appeal may be dismissed for failure of the appellant or cross-appellant to comply with subsection (e) of this rule.

(4)	**Time for filing notice of appeal or cross-appeal:** (a) *Appeals in civil cases:* (i) In civil cases, the notice of appeal shall be filed with the Clerk of the Supreme Court within 30 days from the date of entry of the  judgment or order appealed from. But, if the United States of America or the State of Montana, or any political subdivision thereof, or any officer or agency thereof is a party, the notice of appeal shall be filed within 60 days from the entry of the judgment or order appealed from.  If notice of entry of judgment or order is required to be filed under Rule 77(d) of the Montana Rules of Civil Procedure, the 30 days or 60 days, as the case may be, shall not begin to run until service of the notice of entry of judgment or order.

(ii) A notice of appeal filed after the announcement of a decision or order but before entry of the written judgment or order appealed from, shall be treated as filed on the day of such entry.  The District Court is not deprived of jurisdiction to enter the written judgment or order by the premature filing of the notice of appeal.

(iii) If a timely notice of appeal is filed by a party, any other party may file a notice of cross-appeal within 15 days after the date on which the first notice of appeal was filed, or within the time otherwise prescribed by subsection (4)(a)(iv) of this Rule, whichever last expires.

(iv) If a timely motion pursuant to the Montana Rules of Civil Procedure is filed in the District Court by any party: (a) under Rule 50(b) for judgment; (b) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if granted; (c) under Rule 59 to alter or amend judgment; or (d) under

Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order granting or denying any such motion, or, if applicable, from the time such motion is deemed denied at the expiration of the 60-day period established by Rule 59(d), Montana Rules of Civil Procedure. No notice of entry of judgment or order is required to be filed when any of the foregoing motions are granted, denied or deemed denied. A notice of appeal filed before the disposition of any of the above motions, whether by entry of an order or by deemed denial, shall be treated as filed on the date of such entry or deemed denial. The District Court is not deprived of jurisdiction to enter its order on any such motion by the premature filing of a notice of appeal.

(b)     *Appeals in criminal cases:* (i) In criminal cases an appeal from a judgment entered pursuant to section 46-18-116, Montana Code Annotated, must be taken within 60 days after entry of  the judgment appealed from.  A notice of appeal filed after the oral pronouncement of a decision or sentence but before entry of the written judgment or sentence is treated as filed on the date of such entry. The District Court is not deprived of jurisdiction to enter the written judgment or order by the premature filing of the notice of appeal.

(ii)     In criminal cases an appeal from a judgment or order made appealable by section 46-20-103, Montana Code Annotated, must be taken within 15 days of the entry of the written judgment or order appealed from.

(c)     *Out-of-time appeal:* In the infrequent harsh case and under extraordinary circumstances amounting to a gross miscarriage of justice, the Supreme Court may grant an out-of-time appeal.  An out-of-time appeal will be treated as an original proceeding and must be requested by verified petition supported by affidavits, records and other evidence establishing the existence of the extraordinary circumstances claimed. Extraordinary circumstances do not include mere mistake, inadvertence or excusable neglect.

*Comments: This rule effectively combines Rule 4 and 5 of the M.R.App.P.   Appeals and cross-appeals are referred to separately in order to emphasize that the jurisdiction of the Court must be invoked by filing a notice of cross appeal.  See Joseph Eve & Co.  v. Allen (1997), 284 Mont. 511, 945 P.2d 897.  With respect to cross-appeals, the general rule is, that a cross-appeal is not necessary to enable the prevailing party to defend its judgment on any ground properly raised in the District Court from which the appeal is taken, whether or not that ground was relied upon, rejected, or even considered by the District Court. City of Missoula v. Robertson, 2000 MT 52, ¶ 20, 298 Mont. 419, ¶ 20, 998 P.2d 144, ¶ 20.  See also [present Rule 14, M.R.App.P.].  However, in order to preserve an issue not raised by an appellant, an appellee must file a notice of cross-appeal.  Billings*

*Firefighters # 521 v. City of Billings, 1999 MT 6, ¶ 31, 293 Mont 41, ¶ 31, 973 P.2d 222, ¶ 31.  Similarily, a cross-appeal must be filed if the appellee seeks review of matters separate and distinct from those sought to be reviewed by the appellant.  Mydlarz v. Palmer/Duncan Const. Co. (1984), 209 Mont. 325, 334, 682 P.2d 695, 700.*

*Subsection (1)(a) and (b) of the proposed rule changes the place of filing the notice of appeal and cross-appeal from the District Court to the Supreme Court and requires that a copy be filed in the District Court and served by mail on attorneys of record and unrepresented parties.  There appears to be no good reason why the notice of appeal is filed with the District Court, and this requirement often causes confusion, as intuitively, it makes sense that the notice would be filed in the Court where the appeal will be heard. Apparently there is enough confusion that our present rules require a special mention addressing this problem and we can obviate that rule with this change.  See Rule 5(a)(1), M.R.App.P.  Moreover, the new rules obviate the requirement in Rule 4(d), M.R.App.P. for the clerk to serve the notice of appeal.  It is, after all, the appellant's and cross-appellant's duty to perfect their respective appeals and it is a waste of resources to require the clerk to perform these administrative functions.*

*Subsection (1)(c) makes it clear that, with the exception of an out of time appeal covered in subsection (4)(c), the timely filing of a notice of appeal and cross-appeal is a jurisdictional requirement.*

*Subsection (2) is, for the most part, the same as the present Rule 4(b), M.R.App.P. with the exception that parties cannot stipulate to consolidation.  Ultimately whether appeals are consolidated or not is a discretionary decision by the Supreme Court and can adequately be made sua sponte or by motion.*

*Subsection (3)(a) follows present Rule 4(c), M.R.App.P. and includes the amendments to that rule adopted in the Court's October 23, 2003 order. Subsection (3)(b) is new.  The Supreme Court often encounters problems with appeals filed under Rule 54(b), M.R.App.P., wherein the issue is not properly certified by the trial court as a final judgment.  Briefs are frequently written and reviewed before the error is discovered with the result that the appeal is dismissed and remanded back to the trial court with the concomitant delay and waste of money and resources on the part of the courts and counsel.  See [Roy v. Neibauer (1980) 188 Mont. 81, 610 P.2d 1185; Weinstein v. University of Montana, at Missoula (1995) 271 Mont. 435, 898 P.2d 101; Kohler v. Croonenbergs, 2003 MT 260, 317 Mont. 413, 77 P.3d 351; In Re: the Marriage of Armstrong, 2003 MT 277, 317 Mont. 503, 78 P.3d 1203]. Subsection 3(b) requires that the Supreme*

*Court make the determination to allow or dismiss the appeal on the basis of the certification order. If the order complies with the Rule 54(b) and the Court's interpretive case law, then the appeal will go forward. If the certification order is deficient, then the case will be dismissed without prejudice at that point without briefing. This approach puts a premium on the District Court and counsel carefully considering the rule and decisional requirements pertaining to Rule 54(b) and crafting a certification order that meets those mandates. Subsection 3(c), clarifies what is presently implicitly required in Rules 4(1) and 54(b) M.R.App.P. Subsection (3)(d), again, places the burden of serving notice of the filing of an appeal or cross-appeal on the appellant and cross-appellant, not on the clerk. Subsection (3)(e) is presently covered in Rule 4((c)(1), M.R.App.P. and subsection 3(f) is covered in Rule 4(c), M.R.App.P.*

*Subsection (4) basically incorporates the time requirements of present Rule 5, M.R.App.P. Subsection 4(a) covers civil appeals and subsection 4(b) covers criminal appeals. Subsection (4)(a)(i) is covered in Rule 5(a)(1), M.R.App.P., but the requirement for the Clerk of the Supreme Court to stamp, and transmit to the Clerk of District Court a misfiled notice of appeal is deleted. Subsection (4)(a)(ii) is covered in Rule 5(a)(2), M.R.App.P. and makes it clear that the District Court is not deprived of jurisdiction to enter the written judgment or order by a prematurely filed notice of appeal. Subsection 4(a)(iii) sets the time for filing a cross-appeal, as per Rule 5(a)(3), M.R.App.P. Subsection 4(a)(iv) incorporates the language of Rule 5(a)(4), M.R.App.P. Subsection 4(b) covers criminal appeals and incorporates the requirements of Rule 5(b), M.R.App.P., with the exception that subsection 4(b)(i) makes it clear that the District Court is not deprived of jurisdiction to enter a written judgment or order by a prematurely filed notice of appeal. Subsection 4(c) is new and allows the Supreme Court to grant an out-of-time appeal in either a civil or criminal case in the infrequent harsh case that involves extraordinary circumstances amounting to a gross miscarriage of justice. The Court has granted out-of-time appeals in criminal cases, but [Present Rule 21(b), M.R.App.P.] precludes granting an out of time appeal in civil cases. State v. Tweed, 2002 MT 286, ¶ 14, 312 Mont. 482, ¶ 14, 59 P.3d 1105, ¶ 14. This power will be exercised infrequently, will be considered on a case by case basis, and only on the demonstration of extraordinary circumstances amounting to a gross miscarriage of justice.*

**Rule 5.    Application of these Rules.**

**(a)    What a court may review upon appeal from a judgment.**  A party may appeal from a final judgment in an action or special proceeding and from those final orders specified in subparagraphs (b), (c), (d) and (f) of this rule. Upon appeal from a judgment entered in an action or special proceeding in a district court, this Court may review the judgment, as well as all previous orders and rulings excepted or objected to which led to and produced the judgment.

**(b) Orders appealable in criminal cases.**  In criminal cases, the parties are directed to the provisions of ' 46-20-103 and -104, MCA.

**(c) Orders appealable in civil cases.**   In civil cases, an aggrieved party may also appeal from the following, provided that the order is the court's final decision on the matter referred to:

(1)  From an order made after final judgment, including an order vacating or refusing to vacate a default judgment, and an order granting or denying a motion for new trial or to alter or amend a judgment;

(2) From a "deemed denied" motion that was made pursuant to Rules 50(b), 52(b) or 59, M.R.A.P.;

(3)   From an order denying a motion to dismiss for lack of subject matter jurisdiction;

(4) From an order permitting or refusing to permit an action to be maintained as a class action;

(5) From an order granting or dissolving, or refusing to grant or dissolve an injunction or an attachment;

(6) From an order granting or denying a motion to change venue on the basis that the county designated in the complaint is not the proper county;

(7) From an order appointing or refusing to appoint a receiver, or giving directions with respect to a receivership, or refusing to vacate an order appointing or affecting a receiver;

(8) From an order directing the delivery, transfer, or surrender of property;

(9) From an order in a partition action that determines the rights and interests of the respective parties and directs partition to be made;

(10) From a contempt judgment or order in a family law proceeding when and only when the judgment or order appealed from includes an ancillary order entered as a result of the contemptuous conduct which affects the substantial rights of the parties involved; and

(11) From orders granting or denying a motion for substitution of judge.


(d) **Orders appealable in estate, guardianship, and probate matters.** In estate, guardianship, and probate matters, the following orders are considered final and must be appealed immediately, as failure to do so will result in waiver of the appeal right:

(1) An order granting or refusing to grant, or revoking or refusing to revoke, letters testamentary, or of administration or guardianship;

(2) An order admitting or refusing to admit a will to probate, or against or in favor of the validity of a will, or revoking or refusing to revoke the probate thereof;

(3) An order setting apart or refusing to set apart property;

(4) An order making or refusing to make an allowance for a widow or child;

(5) An order directing or refusing to direct the partition, sale, or conveyance of real property;

(6) An order refusing, allowing, or directing the distribution or partition of any estate or part thereof, or the payment of a debt, claim, legacy, or distributive share;
(7) An order settling an account of an executor, administrator, or guardian; and
(8) An order confirming or refusing to confirm a report of an appraiser setting apart a homestead.


(e) **Orders and judgments that are not appealable.**  Although not exhaustive, the following judgments and orders are among those that are not appealable:

(1) In cases involving multiple parties or multiple claims for relief, an order or judgment which adjudicates fewer than all claims as to all parties, and which leaves matters in the litigation undetermined; subject however, to the provisions of Rule 4(f), below.

(2) Orders denying motions for summary judgment or motions to dismiss, or granting partial summary judgment;

(3) In child abuse and neglect proceedings, orders granting temporary investigative authority and/or protective services, and orders of temporary custody;

(4) Judgments or orders made in cases of civil or criminal contempt, except as provided in Rule 5(c)(10) herein and ' 3-1-523, MCA;

(5)  Orders granting or denying sanctions; and

(6) Interlocutory orders.

(f) **Certification of a judgment as final for purposes of appeal**.  Notwithstanding the provisions of Rule 5(e)(1) above, a district court may direct the entry of final judgment as to an otherwise interlocutory order or judgment, only upon an express determination that there is no just reason for delay, pursuant to Rule 54(b), M.R.Civ.P.  In so doing, the district court must balance the competing factors present in the case to determine if it is in the interest of sound judicial administration and public policy to certify the judgment as final, and the court must marshal and articulate in its certification order the factors upon which it relied

in granting certification, so that prompt and effective review can be facilitated.  A certification order failing to meet the above requirements shall be subject to summary dismissal, pursuant to Rule 4(3)(b) herein.

*Comment:*

*Proposed Rule 4(a) incorporates part of existing Rule 2, and has been revised to conform with existing Rule 4(c), as modified in October, 2003.  It also incorporates existing Rule 1(b)1.  It also adds reference to our list of orders that are immediately appealable.*

*Proposed Rule 4(b) incorporates and restates the provisions of existing Rule 1(d).*

*Proposed Rule 4(c) is a new listing altogether, providing a seriatim listing of orders that are generally appealable. It incorporates some of the orders set forth in existing Rule 1(b)2, and adds to the list some additional matters not previously specifically incorporated.  In Rule 4(c)(1), we add in orders vacating or refusing to vacate a default judgment.  See Wright Oil & Tire Company v. Goodrich, 284 Mont. 6, 942 P.2d 128 (1997) and cases cited therein.  We also added orders dismissing a cause of action with prejudice, which were not previously specified.  At Rule 4(c)(3), we have added an order denying a motion to dismiss for lack of subject matter jurisdiction.  Such challenges address the power of the court to hear the case in the first instance.  Jurisdiction cannot be waived or conferred by the consent of the parties, and may be raised at any stage of a judicial proceedings.  It makes no sense to require a party challenging subject matter jurisdiction to wait until the case is concluded before being able to appeal such a determination.  Finally, we have added a provision setting forth those limited contempt judgments or orders that are appealable.  This is in line with ' 3-1-523, MCA, and our decision in Lee v. Lee, 2000 MT 67, ¶37, 299 Mont. 78, ¶37, 996 P.2d 389, ¶37.*

*With respect to the orders set forth in Rule 48, the parties are cautioned to consult statutes and case law so as to determine whether, with respect to the particular*

*order at issue, the failure to immediately appeal such order will be deemed a waiver of the right to later appeal it.*

*Proposed Rule 4(d) sets forth seriatim and restates to a degree those estate, guardianship and probate orders previously referenced in Rule 1(b)(3). Such orders are generally immediately appealable. In fact, a party can be deemed to have waived the right to appeal from such orders if he or she does not take an immediate appeal. See Matter of Estate of McMurchie, 2004 MT 98, ¶ 10, 321 Mont. 21, ¶ 10, 89 P.3d 18, ¶ 10. At Rule 4(e)(4), we add an order refusing to make an allowance for a widow or child; the previous rule specified only an order making such an allowance.*

*Proposed Rule 4(e) is entirely new. It addresses those unappealable orders most often challenged. With respect to Rule 4(e)(2), see Matter of B.P. and A.P., 2000 MT 39, ¶22, 298 Mont. 287, ¶22, 995 P.2d 982, ¶22, and In the Matter of D.A., 2003 MT 109, ¶19, 315 Mont. 340, ¶19, 68 P.3d 735, ¶19.*

*Proposed Rule 4(f) is likewise new. It formalizes the certification process and incorporates our case law setting forth the requirements of certification orders. See Rule 5(3)(b), M.R.A.P. See also, Roy v. Neibauer (1980), 188 Mont. 81, 610 P.2d 1185, and Kohler v. Croonenburghs, 2003 MT 60, ¶¶8-21, 317 Mont. 413, ¶¶8-21, 77 P.3d 531, ¶¶8-21.*

**Rule 6.        Mandatory appellate alternative dispute resolution**

**(a) Statement of purposes:**
The mandatory appellate alternative dispute resolution procedure is designed to achieve the following goals:
1.   Provide an alternative means to resolve certain civil appeals and to enhance public confidence in the appellate process;
2.  Help the parties avoid the additional legal expense and emotional cost of an appeal;
3.  Reduce the court's mounting backlog of civil appeals by settling cases with a minimal use of court resources;
4.  Help the parties realistically explore a settlement;
5.  Provide a speedy and just resolution of the dispute.

**(b) Appeals subject to rule:**  The following categories of appeals shall be subject to the provisions of this rule:
(1) Workers' compensation. All appeals from the Workers' Compensation Court.
(2) Domestic relations. Appeals in domestic relations cases, including but not limited to all dissolution issues, child custody and support issues, maintenance issues and modifications of orders entered with respect to those issues; but excluding actions for termination of parental rights, paternity disputes, adoptions, and all juvenile and contempt proceedings when the excluded matters constitute the only issues on appeal. In addition, if there has been a finding by a district court that one of the parties has been a victim of domestic violence, the appellate mediation may be conducted by telephone upon motion submitted to the mediator by either party.
(3) Money judgments. Appeals in actions seeking monetary damages/recovery.
(4) Appeals which the Court, in its discretion, designates as appropriate for mediation.

**(c) Time Limitations and Supplementary Process:** (1) Time limitations. Upon filing a notice of appeal in the manner and time required by Rules 4 and 5, but substantially complying with Form 5 in the Appendix of Forms, the parties and the mediator shall have seventy-five (75) days within which to complete the process required by this rule. However, in the event the parties are made subject to this rule only as a result of a cross appeal, the parties shall have seventy-five (75) days from the filing of the notice of cross appeal.
(2) Supplementary process. The process required by this rule shall be supplementary to, and have no effect on, the parties' duties, obligations and time

requirements otherwise provided for in the Rules of Appellate Procedure; provided, however, that the parties may, by stipulation filed with the clerk of the supreme court, hold the time requirements of the Rules of Appellate Procedure in abeyance pending completion of the process required by this rule. In the event the district court record has been transmitted to the supreme court, the parties shall file their stipulation with the clerk of the supreme court. In the event the parties stipulate to holding time requirements of the Rules of Appellate Procedure in abeyance, all such time requirements shall run from the earlier of the date of the filing of the mediator's report, or the expiration of the seventy-five (75) day time limit.

**(d) Selection or appointment and payment of mediator; immunity.** Mediators shall be selected or appointed as provided in this subsection and shall enjoy such judicial immunity as the Montana Supreme Court would enjoy if performing the same functions. Upon selection or appointment, the clerk of the supreme court shall mail to the mediator a copy of the notice of selection or order of appointment of mediator, the mediator instructions, and mediator's, attorney's, and party's mediation evaluation forms.

(1) The parties may jointly select a mediator for purposes of complying with the mediation process required by this rule within fifteen (15) days of the filing of the notice of appeal or cross appeal which subjects the case to the requirements of this rule; in the event the parties do not jointly select a mediator, one will be assigned by the clerk of the supreme court.

(2) In the event the parties voluntarily select a mediator, the appellant shall file with the clerk of the supreme court a notice of selection of mediator, substantially complying with Form 6 in the Appendix of Forms, within the above-referenced fifteen (15) day deadline.

(3) In the event the parties do not voluntarily and timely select a mediator, the clerk of the supreme court shall appoint as a mediator for the appeal the next self-nominated attorney on a list maintained by the clerk for that purpose pursuant to subsection (4) of this rule. The order of appointment, substantially complying with Form 7 in the Appendix of Forms, shall be signed by the clerk of the supreme court and served upon the parties to the appeal.

(4) The clerk of the supreme court shall maintain three lists of resident Montana attorneys who are members in good standing of the State Bar of Montana, have been licensed as attorneys for no less than five (5) years, and have indicated their desire to be appointed as mediators for purposes of this rule by completing and submitting to the clerk an original and two (2) copies of the mediator background information form available from the clerk. The separate lists will reflect those attorneys desiring appointment as mediators for the workers' compensation, domestic relations, and/or money judgment appeals which are subject to this rule.

(5) The mediator's fee and incidental expenses shall be shared equally by the parties. However, in money judgment cases where there is $5,000 or less at issue and the judgment is for $5,000 or less, any mediator appointed by the clerk of the supreme court under subsection (3) shall serve pro bono, and the mediator's incidental expenses shall be shared equally by the parties. All pro bono appointments shall be so indicated in the order of appointment.

**(e) Mediation Process.** The mediation process required by this rule shall comply with the procedures provided in this subsection.

(1) The mediation required by this rule is an informal, confidential, nonadversarial process in which an impartial third person, the mediator, assists the parties to an appeal to resolve the differences between them. The decision-making authority remains with the parties; the mediator has no authority to compel a resolution or to render a judgment on any issue. The role of the mediator is to encourage and assist the parties to reach their own mutually-acceptable settlement by facilitating communication; helping to clarify issues, interests, and the appellate perspective; fostering joint problem-solving; and exploring settlement alternatives.

(2) Upon selection or appointment to mediate an appeal as provided by this rule, the mediator shall schedule a mediation conference between the parties for the purpose of attempting to resolve the issues on appeal.

(3) The conference shall be held in person; except if distance, time or other considerations make it impractical, then the mediator may hold the conference by telephone at such time and place as the mediator may determine. The mediation shall proceed in substantial compliance with the requirements of this rule and the guidelines and format set forth in the mediator's instruction sheet.

(4) The appellant, or the cross appellant in those cases where only the cross appeal results in the case being subject to this rule, shall submit the required statement of position to the mediator and opposing counsel within fifteen (15) days of the date the notice of selection or order of appointment of the mediator is filed under subsection (d) of this rule. The responsive party shall have seven (7) days to submit a responsive statement of position. In the event of a cross appeal, the appellant shall have an additional seven (7) days to submit its statement of position relative to the issues raised by the cross appeal.

(5) The parties' respective submissions shall not exceed ten (10) pages in length, double spaced, on standard letter-sized paper; provided, however, that the parties may attach such exhibits of record and transcript excerpts as the parties may wish the mediator to consider.

(6) The parties shall serve on the mediator and opposing counsel a written statement of position substantially complying with Form 8 in the Appendix of Forms and containing, at a minimum, the following:

(i) a statement of issue(s) on appeal and the manner in which each issue was preserved; and

(ii) a statement of the standard of review applicable to each issue; and

(iii) the position of the party with respect to each issue, with citations to legal authority; and

(iv) in the case of the appellant and any cross appellant, a copy of the order or judgment from which the appeal is taken.

(7) In addition to the statements of position to be served on the mediator and opposing parties, each party may submit to the mediator a separate confidential submission containing such additional information relative to its position regarding settlement as it may wish to tender in order to facilitate the mediation process required by this rule. Unless otherwise agreed, such submission shall not exceed five (5) pages. Such additional submission, if any, shall be served on the mediator contemporaneously with the service of the party's statement of position.

(8) Each party, or a representative of each party with authority to participate in settlement negotiations and effect a complete compromise of the case, shall be required to participate in the mediation conference. If an insurance carrier is involved, the representative with ultimate settlement authority for the insurance carrier shall participate in the mediation conference.

**(f) Proceedings Confidential.** The mediation process shall be confidential. All proceedings held, submissions tendered and statements made by anyone in the course of the mediation process required by this rule constitute offers to compromise and statements made in compromise negotiations pursuant to Rule 408 of the Montana Rules of Evidence and are inadmissible pursuant to the terms of that Rule.

**(g) Completion of mediation process.** Immediately upon the conclusion of the mediation conference, the mediator shall file a mediator's report substantially complying with Form 9 in the Appendix of Forms with the clerk of the supreme court and to the parties.

(1) Where the mediation results in resolution of the appeal, dismissal will be governed by Rule 36 of these rules. In the event the appeal is resolved, the parties shall execute a settlement agreement and file a stipulation for dismissal within fifteen (15) days of the filing of the mediator's report. If the parties have stipulated to hold the time requirements of these rules in abeyance pursuant to subsection (c) of this rule, then upon filing of the mediator's report or the expiration of the seventy-five (75) day time limit, whichever occurs first, all appellate time requirements shall resume as provided in subsection (c) of this rule.

(2) None of the forms or notices or stipulations to be filed with the clerk of the supreme court shall contain any information relating to the parties' respective

20

positions regarding the issues on appeal, the parties' positions regarding settlement, or any substantive matter which is the subject of the litigation; the exclusive and sole purposes of forms and notices to be filed with the clerk of the supreme court are to maintain status records and statistics, to ensure orderly compliance with the process required by this rule, and to provide a mechanism for returning the case to the ordinary appeal process where mediation has not resolved the case and resulted in a stipulation for dismissal.

(3) The parties are encouraged to continue to pursue settlement efforts in the event the mediation process required by this rule does not resolve the appeal and the case returns to the ordinary appeal process.

**(h)   Sanctions:** Substantial noncompliance with this rule may, either on motion or by the Court sua sponte, result in the assessment of mediator fees, imposition of  monetary sanctions, costs, dismissal of the appeal or such other sanction as the court deems appropriate.

**(i)   Self-executing, no motion practice.**   The provisions of this rule are designed to be and are self-executing and not subject to motion practice.   The Court will address motions to determine whether an appeal is subject to the mediation requirements of Rule 6.   Motions to opt out of mediation, to substitute mediators, or for extensions of time to complete mediation will be subject to summary denial.

*History: En. Sup. Ct. Ord. 95-300, April 15, 1996, eff. Oct. 1, 1996; amd. Sup. Ct. Ord. 95-300, June 17, 1997, eff. Oct. 1, 1997; amd. Sup. Ct. Ord.*

**RULE 7.  The record.**

**(a) Composition of the record on appeal--generally.**  Except as otherwise provided in these rules, the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases. A copy of any challenged jury instruction, whether given or offered but not given, must be made a part of the record on appeal.

**(b) Duty to present sufficient record.**  The appellant has the duty to present the supreme court with a record sufficient to enable it to rule upon the issues raised.  Failure to present the court with a sufficient record on appeal may result in dismissal of the appeal or affirmance of the district court on the basis the appellant has presented an insufficient record.

If a cross-appeal is filed, the cross-appellant shall comply with this rule and Rule 8.  If the supreme court remands for completion or supplementation of the record, the party presenting the deficient record will be charged with all shipping and postage costs returning the record to the clerk of the district court.

**(c) Duty of the appellant to order the transcript of proceedings--notice to the appellee--costs of producing--generally.**

(1)  Absent a stipulation filed with the clerks of the district court and the supreme court pursuant to Rule 6(c), the appellant shall order from the reporter, in writing, a transcript of the proceedings deemed necessary for the record on appeal on the same date the notice of appeal is filed.  A copy of the written order shall be filed with the clerk of the district court and served on the appellee.  In the event of a filed Rule 6(c) stipulation, the requirement of this subsection shall begin on the seventy-sixth day after the filing of the notice of appeal.

(2)  (a) In the event the appellant determines no transcripts or fewer than all available transcripts are necessary for the record on appeal, the appellant shall file a written notice to that effect with the clerk of the district court, and serve the written notice on the appellee, within 15 days after filing the notice of appeal.  The notice also shall contain a description of the parts of the transcript the appellant determines to be unnecessary, along with a statement of the issues which the appellant intends to present in the appeal.  If the appellee deems additional transcripts necessary, the appellee shall either order and pay for the additional transcripts from the reporter, or within 15 days move the district court for an order requiring the appellant to do so immediately and at its expense.

(b) Absent a timely filed and served notice of the appellant's intention to exclude parts of the transcript pursuant to (a), the appellant will, at its cost, order a transcript of all of the proceedings not already on file.  If the appellee does not

timely order additional parts of the transcript or procure an order from the district court pursuant to (2)(a) of this rule, the appellee is deemed to concur in the appellant's decision to exclude portions of the transcript.

(3)  Except as provided in subdivisions (c)(2)(a) and (e) of this rule, the cost of producing any ordered transcript shall be paid by the appellant, and payment shall be made at the time of ordering the transcript or satisfactory payment arrangements shall be made with the reporter.  An attorney who orders a transcript shall be personally liable for the payment of the costs of the transcript.  Transcript costs shall be calculated as provided in § 3-5-604, MCA.

**(d) Format and filing of transcripts.**

(1)  A transcript shall contain a title page, index pages listing witnesses and exhibits, as applicable, the body of the transcript and a  page certifying in writing—and executed by the reporter—that the transcript is a true and correct verbatim record of the proceeding transcribed.  Each page shall measure 8½ by 11 inches, with combined left and right standard text margins not exceeding 2.25 inches.  The font used for the original transcript shall contain no fewer than nine characters per inch, and a page number shall appear in the upper right corner of each page.

(2) Transcripts filed with the clerk of the district court shall include one paper copy of the transcript in reduced-format containing four transcript pages on each 8½ by 11-inch page, and a digital copy prepared on a Read Only Digital Video Disk (DVD-R), in Portable Document Format (PDF), certified in writing as true and correct by affixing the reporter's signature on the front of the DVD-R.

**(e) Transcripts of proceedings in cases in which the party has, or at any time was entitled to, court-appointed counsel--parties without financial means--motions.**

(1)  Within 15 days after a notice of appeal or cross-appeal is filed following the entry of an appealable judgment or order in a case in which a party has, or at any time was entitled to, court-appointed counsel, the party may file a motion in the district court requesting a transcript of proceedings necessary for the record on appeal at state expense, and shall serve the motion on any opposing party.  The motion shall be verified by the party or the party's counsel, and shall include the affidavit set forth as form X to these rules stating facts showing that the party is without the financial means to pay for the needed transcript(s).  If the district court grants the motion it shall order the reporter to prepare the transcript.  The transcript shall be filed with the clerk of the district court as provided in subsection (d)(2), and a copy shall be delivered to the party or the party's counsel without charge.

(2)  If the district court denies a motion filed pursuant to subsection (1), the order must state the reasons for the denial.  In that event, a like motion may be

filed in the supreme court within 15 days after the denial and served on the opposing party. The motion shall be accompanied by a copy of the verified motion filed in the district court and a copy of the order denying the motion.

(3) Parties are not entitled to transcripts at state expense in civil cases other than as specified in this rule absent extraordinary circumstances and on order of the supreme court.

**(f) Correction or modification of the record.** If any difference arises as to whether the record accurately discloses what occurred in the district court, the difference shall be submitted to and settled by the district court within the time provided for transmission of the record or within such time as the district court may for good cause permit, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the district court, on motion or of its own initiative, either before or after transmission of the record to the supreme court, may order that the omission or misstatement be corrected and, if necessary, that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the supreme court.

**(g) Record or transcript unavailable.** If a trial or other proceeding was not reported in whole or in part, or if a transcript is, otherwise, unavailable, a statement of the evidence of the trial, proceeding or unavailable transcript may be prepared as follows:

(1) Statement by agreement and stipulation: Within 30 days after the filing of the notice of appeal, counsel for the parties and parties not represented by counsel may prepare and file in the district court, a joint written statement and stipulation of the unavailable evidence from the best available means including the parties' recollections. This statement and stipulation must be in writing, and must identify the trial or proceeding which was not reported or the transcript which is not otherwise available, along with a statement of the reason for such failure to the best of the persons' knowledge and belief. This statement must specify the source or sources of the parties' statements of evidence and must be limited to unavailable evidence which is relevant to the issue or issues on appeal.

(2) Statement by motion and order: Alternatively, within 15 days after the filing of the notice of appeal, a party may move the district court for leave to prepare a statement of the unavailable evidence from the best available means, including the party's recollection.

(i) The motion must be in writing, and identify the trial or proceeding which was not reported or the transcript which is not otherwise available, along with a statement of the reason for such failure, to the best of the movant's knowledge and belief. The motion must be served upon opposing counsel and

parties not represented by counsel, each of whom shall have 15 days in which to respond.

(ii) If the district court grants the motion, the party must, within 20 days of the district court's order, prepare, serve and file in the district court a statement of the unavailable evidence from the best available means, including the party's recollection. This statement must specify the source or sources of the party's statements of evidence and shall be limited to unavailable evidence which is relevant to the issues on appeal. From the date the statement is filed, the opposing party shall have 15 days to respond in writing to the statement of unavailable evidence.

(3) The district court must examine the statement of unavailable evidence filed in accordance with subsections (1) and (2) of this rule and any responses filed under subsection (2), may hold a hearing or hearings thereon, and thereafter, must promptly file with the clerk of the district court an order adopting or rejecting, in whole or in part, the statement of unavailable evidence such that any statement adopted by the district court most accurately reflects the unavailable evidence. The parties shall have 15 days from the date the district court's order is issued to file written objections to the district court's order.

(4) Thereafter the clerk of the district court must transmit the district court's order along with all motions and documents filed under this rule to the clerk of the supreme court. The district court's order entered pursuant to subsection (3) of this rule, shall then constitute the record on appeal as to the unavailable evidence. Any objection to the district court's order or to the proceedings under this rule, which is properly preserved, may be raised in an amended notice of appeal or cross appeal filed and served within 15 days of the transmission of the district court's order and associated documents by the clerk of the district court to the clerk of the supreme court.

(5) The parties or a party who chooses to proceed under subsections (1) or (2) of this rule, respectively must, within the time provided for filing the statement and stipulation described in subparagraph (1) or the motion described in subsection (2), notify, in writing, the clerk of the district court and the clerk of the supreme court that all or a portion of the record or a transcript is otherwise unavailable, and that the provisions of this rule have been invoked.

(6) Except as provided in this rule, all available portions of the record, including transcripts, shall be transmitted by the clerk of the district court to the clerk of the supreme court within the 40 days specified in Rule 8. The district court's order provided in subsection (3) of this rule and associated documents must be transmitted by the clerk of the district court to the clerk of the supreme court when filed. The appellant's opening brief on appeal is due 30 days following such transmission.

(7) Notwithstanding the filing of the notice of appeal, the district court retains jurisdiction to extend the times set forth in subparagraphs (1) and (2) of this

rule for good cause shown, to resolve the matter of the unavailable evidence and to issue the order required under subsection (3) of this rule.

**(h) Agreed statement when the record on appeal is unavailable.** When the record on appeal as defined in subdivision (a) of this rule is unavailable due to uncontrollable circumstances, the parties may prepare, sign and file with the district court within 20 days after the filing of the final notice of appeal, a statement of the case showing how the issues presented by the appeal arose and were decided in the district court, and setting forth only so many of the facts averred and proved, or sought to be proved, as are essential to a decision by the supreme court on the issues presented. If the statement conforms to the truth, it shall be approved by the district court and, together with such additions as the district court may consider necessary to fully present the issues raised on appeal, certified and transmitted to the clerk of the supreme court within the 40 days provided for transmission of the record on appeal. Copies of the agreed statement may be included by the parties as the appendix to the brief. In the event the provisions of this rule are used to certify the record on appeal, the parties shall be bound thereby and the supreme court shall rely solely on the record as certified in resolving the appeal.

**(i) Record of proceedings in courts of limited jurisdiction that are courts of record.** The electronically recorded record of a trial or other proceeding in a court of limited jurisdiction that is a court of record, which is appealed to the supreme court from a district court, shall be filed together with the district court record as a CD/DVD or analog tape.

(1) The clerk of the court from which the original appeal is taken must include with the CD/DVD or analog tape the following information, together with a text file reflecting the information on the CD/DVD or analog tape: originating court name; originating court case number; short case title; date(s) of proceeding; type of proceeding; and audio file name and file type. For CDs or DVDs, the preferred audio file reader, which shall be FTR Player, Microsoft Media Player or RealPlayer, also must be identified.

(2) In citing to any facts relevant to the issues presented for review from the court of limited jurisdiction that is a court of record, pursuant to Rule (old 23(a)), the parties shall reference the location on the CD/DVD or analog tape as Start Time: HH/MM/SS   End Time: HH/MM/SS.

**RULE 8. Transmission of the record and other matters relating to the record on appeal.**

**(a) Time for transmission--number of copies of transcript--duty of appellant--generally.** The record on appeal, including any transcript in the format required by Rule 7(d)(2), shall be transmitted to the supreme court within 40 days after the filing of the notice of appeal unless the time is reduced or extended by an order entered under subdivision (c) or (d) of this rule, or a stipulation holding the time requirements of these rules in abeyance is filed with the clerks of the supreme court and the district court pursuant to Rule 6(c). In the event of a cross-appeal, a single record shall be transmitted within 40 days after the filing of the notice of cross-appeal.

**(b) Duty of clerk to transmit the record.** The clerk of the district court shall transmit the record on appeal within the time provided in subdivision (a) of this rule, or such reduced or extended time as may be ordered by the district court or the supreme court pursuant to subdivision (c) or (d). The clerk of the district court shall number the documents comprising the record and transmit with the record a numbered list of the documents, identifying each with reasonable definiteness. In the event the clerk of the district court determines that exhibits are too large or weighty to be conveniently mailed, the clerk shall notify the parties in writing that the item or items will not be transmitted and will so indicate as a numbered item in the list of documents. If a party desires a large or weighty exhibit so identified to be transmitted, the party shall notify the clerk in writing and make advance arrangements with the clerks of the district court and the supreme court for the safe transportation, chain of custody and receipt of the item(s). Transmission of the record is effected when the clerk of the district court mails or otherwise forwards the record to the clerk of the supreme court. The clerk of the district court shall indicate, by endorsement on the face of the record or otherwise, the date on which the record is transmitted to the clerk of the supreme court.

**(c) Reduction or extension of time for transmission of the record by the district court--duties of court reporter and appellant--generally.**

(1) A motion to reduce the time for transmission of the record shall be made only in extraordinary circumstances, and only on a showing that the reporter can prepare any ordered transcripts within the reduced period. A motion to reduce the time for transmission shall be filed and served on the opposing party within 15 days after the filing of the notice of appeal and shall be brought to the district court's attention immediately.

(2) Except in involuntary mental commitment and youth in need of care cases, a motion for extension of time for transmission of the record may be filed with the district court by the appellant or the reporter based on the reporter's inability to timely prepare a transcript or transcripts, but the a motion must be filed within the 40-day time for

transmission of the record. The district court may grant the motion for a period not to exceed 90 days from the filing of the first notice of appeal. The clerk of the district court shall immediately transmit any such order to the clerk of the supreme court, and the clerk of the supreme court shall file the order and cause it to be docketed.

**(d) Extension of time for transmission of the record by the supreme court--duties of the appellant and the reporter.** A motion for extension of time to transmit the record on appeal in an involuntary mental commitment or youth in need of care case, and any other motion for extension of time for transmission of the record subsequent to one granted by the district court pursuant to subdivision (c) of this rule, shall be filed by the appellant with the clerk of the supreme court as a motion for an extension of time to transmit the record and shall be accompanied by an affidavit of the reporter setting forth in detail why the transcript(s) have not been timely prepared and why the additional time sought is needed. In like manner as extensions of time to file briefs pursuant to Rule 25(b) of these rules, there shall be a presumption against granting motions for extension of time to transmit the record under this subdivision. A motion for extension and supporting affidavit shall state the date on which the transcript will be filed if the motion is granted. A motion for extension of time to transmit the record captioned as a motion for extension of time to file a brief will not be considered by the supreme court. The clerk of the supreme court shall docket such a motion as received and rejected, stamp the original and one copy of such a motion with a "received" date stamp and a "rejected per Rule 8(d)" stamp, return the copies at the appellant's counsel's expense, and docket the rejection.

**(e) Retention of the record in the district court by court order.** If the record or a part thereof is required in the district court pending the appeal, the district court may enter an order to that effect, and the clerk of the district court shall retain the record and shall transmit a copy of the order and of the docket entries, together with such parts of the original record as the district court may allow, to the clerk of the supreme court in lieu of the entire record on appeal.

**Rule 9. Filing and service of papers–generally.**

(a) **Filing.**

(i) Papers required or permitted to be filed must be placed in the custody of the clerk within the time fixed for filing. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are actually received within the time fixed for filing. Procedural motions may be filed by facsimile or other electronic means between 8:00 a.m. and 5:00 p.m. on business days, provided the original document is filed with the clerk within five business days of the receipt of the facsimile or electronic copy; otherwise, the filing will be treated as void.

(ii) A party to an appeal or original proceeding who is represented by counsel may not file pleadings, motions or documents on the party's own behalf, except that a party may file a motion for substitution or removal of counsel.

(b) **Service of all papers required.** Copies of all papers, including any transcript, filed by any party and not required by these rules to be served by the clerk shall, at or before the time of filing, be served by the party or person acting for such party on all other parties to the appeal or review. Service on a party represented by counsel shall be made on counsel. In criminal cases appealed by the defendant and in appeals relating to termination of parental rights and abused, dependent, or neglected children cases, all transcripts, briefs, motions, and other papers shall be served on both the county attorney and the attorney general.

(c) **Manner of service.** Service may be personally or by mail. Personal service includes delivery of the copy to a clerk or other responsible person at the office of counsel. Service by mail is complete on mailing.

(d) **Proof of service.** Papers presented for filing shall contain acknowledgment of service by the person served or proof of service in the form of a statement of the date and manner of service and of the names of the persons served, certified by the person who made service. Proof of service may appear on or be affixed to the papers filed. The clerk may permit papers to be filed without acknowledgment of proof of service but shall require such to be filed within five business days.

(e) **Number of copies to be filed.** A signed original and seven copies of all motions (other than motions for extension of time), petitions for rehearing, and the answers or responses thereto, shall be filed with the clerk of the supreme court unless otherwise ordered by the court. The original only of motions for extension of time shall be filed. The number of copies of transcripts shall be in accordance with Rule 9 and the number of copies of briefs shall be in accordance with Rule 12(b). At the time of filing an uncontested procedural motion, counsel shall

present a proposed order granting the relief requested, together with sufficient copies for service upon all counsel of record and *pro se* parties, as well as stamped envelopes addressed to the same.

**(f) Use of initials for parties in certain proceedings.** In any proceeding regarding the abuse and neglect of a child or for the termination of parental rights under Title 41, Chapter 3, MCA, or in any proceeding under Title 40, Chapter 6 (Uniform Parentage Act); Title 42 (Adoption); Title 52, Chapter 3, part 8 (Montana Elder and Persons With Developmental Disabilities Abuse Prevention Act); Title 53, Chapter 20 (Developmental Disabilities), Chapter 21 (Mentally Ill), and Chapter 24 (Alcoholism and Drug Dependence), only the initials of the child, parent(s) or individual party(ies), as the case may be, may be used in all filings. References to the names of these individuals within documents included in appendices shall be redacted.

**(g) Redaction of confidential personal information.** References to confidential personal information, such as social security numbers, shall be redacted from the documents filed with the court in support of pleadings or briefs, to the extent it is reasonably possible to do so, unless such information is necessary for the court's consideration of the matter.

*History: En. Sup. Ct. Ord. 11020, Dec. 10, 1965, eff. Jan. 1, 1966; amd. Sup. Ct. Ord. June 16, 1986, eff. Jan. 19, 1987; amd. Sup. Ct. Ord. Sept. 1, 1988, eff. Nov. 1, 1988; amd. Sup. Ct. Ord. May 1, 1990, eff. May 1, 1990; amd. Sup. Ct. Ord. Mar. 26, 1993; amd. Sup. Ct. Ord. Nov. 22, 1994, eff. Feb. 1, 1995; amd. Sup. Ct. Ord., eff. June 23, 1997; amd. Sup. Ct. Ord. Nov. 9, 2000, eff. Jan. 1, 2001.*

**Rule 10.      Form of briefs and other papers - duplication.**

(a) **Form of briefs, appendices, petitions, including petitions for writs, motions and other papers.** Briefs, appendices, petitions, motions and other papers shall be produced by any standard printing, word processing, typewritten, or equivalent process capable of producing a clear black image on paper. Such paper shall be standard quality, opaque, unglazed, acid-free, recycled paper, 25% cotton fiber content, with a minimum of 50% recycled content, of which 10% shall be post-consumer waste.

(b) **Typeface and text style.** Either a proportionately spaced typeface of 14 points or more, or a monospaced typeface of no more than 10.5 characters per inch may be used in a brief, appendix, petition, motion, or other paper. A proportionately spaced typeface has characters with different widths. A monospaced typeface has characters with the same advanced width. The brief's covers and the components of the brief excluded from the word count computation are exempt from the 14 point typeface requirement. Text shall be in roman, non-script text. Case names, headings and signals may be underlined or in italics or in bold.

(c) **Paper size, margins and line spacing.** All of the foregoing papers shall have pages not exceeding 8 1/2 by 11 inches with margins on the right side and left side and on the top and bottom not less than 1 inch wide, provided, however, that papers from the proceeding below (pleadings, findings of fact and conclusions of law, judgments, exhibits and other like papers) may be (1) reproduced in their original form, size and print even though the papers exceed the foregoing size limitations, or (2) reproduced in their original form, but in a reduced size and print on pages not exceeding 8 1/2 by 11 inches even though the print thereon is less than the foregoing size limitations, provided that the print is legible. Papers produced by typewriter or an equivalent process shall be double spaced except that footnotes and quoted and indented material may be single spaced. Pages shall be bound or attached on the left margin and numbered.  Parties are encouraged to print and photocopy briefs, motions and other papers in duplex format.

(d) **Calculations and length.**

(1) **Proportionately spaced briefs.** A principal brief shall not exceed 10,000 words and a reply brief, amicus brief or petition for rehearing must not exceed 5,000 words.  This includes reply briefs which also answer a cross-appellant's principal brief.  No brief or petition may have an average of more than 280 words per page, including footnotes and quotations.

(2) **Monotype or typewritten briefs or petitions.** A principal brief prepared in a monospaced typeface shall not exceed 30 pages and a reply brief, amicus brief or petition for rehearing shall not exceed 14 pages. Petitions filed under Rule 13 shall not exceed 5,000 words or 14 pages.

**(3) Exclusions.** The words and page limits under subsection (1) and (2) above do not include table of contents, table of citations, certificate of service, certificate of compliance, and any addendum containing statutes, rules, regulations, etc.

**(4) Certificate of compliance.** A brief must be accompanied by a certification of compliance which states the document's line spacing and states either: (1) the document is proportionately spaced, together with the typeface, point size and word count; or (2) the document uses a monospaced typeface, together with the number of characters per inch, and word count, or, the number of counted pages, pursuant to (d)(2) above. A party preparing this certificate may rely on the word count of the word processing system used to prepare the brief. The certification is not included in calculating the document's length.

**(e) Duplication.** All requirements of duplication may be satisfied by the use of any photocopy method capable of producing a clear black image on paper, but not including ordinary carbon copy, provided, that in each instance the duplication shall conform to the requirements of this rule. All papers and attachments thereto must be legible.

**(f) First page and cover of briefs.** The cover of the brief of the appellant shall be blue; the cover of the brief of the party filing the opening brief in a case involving a question certified to the supreme court pursuant to Rule 14 shall be yellow; that of the respondent, red; that of an intervenor or amicus curiae, green; that of any reply brief, gray. For recycling purposes, pastel blue, yellow, red, green and gray are encouraged; bright, neon, or deep tones of blue, red, green and gray, as well as stiff, waxy or slick surfaced covers or covers containing wood fiber are to be avoided. The cover of the appendix, if separately printed, shall be white. Transparent covers shall not be utilized. There must be included on the cover page and first page of briefs the following: (i) the title of this court; (ii) the cause number in this court (or a blank for documents first filed); (iii) if any, the title of the case from the tribunal in which the case originated or from which an appeal is taken, adding the designation of the parties as set forth in Rule 2, and the name and venue of the tribunal in which the case originated or from which an appeal is taken; (iv) if the case is an original proceeding, the names of the parties, adding the designations set forth in Rule 2; (v) the names, mailing addresses, phone and fax numbers, and email addresses (if any) of respective counsel for the parties, identifying the party counsel represents, and that same information if the party is proceeding without counsel; and (vi) the title of the document being filed, such as "Appellant's Brief" or "Brief in Support of Application for Supervisory Control."

*History: En. Sup. Ct. Ord. 11020, Dec. 10, 1965, eff. Jan. 1, 1966; amd. Sup. Ct. Ord. June 16, 1986, eff. Jan. 19, 1987; amd. Sup. Ct. Ord. Mar. 25, 1993; amd. Sup. Ct. Ord. April 5, 1994; amd. Sup. Ct. Ord. Mar. 11, 1996, eff. May 1, 1996; amd. Sup. Ct. Ord. Feb. 13, 1997, eff. Mar. 21, 1997; amd. Sup. Ct. Ord. Nov. 4, 1997, eff. Nov. 4, 1997; amd. Sup. Ct. Ord. June 14, 1999, eff. Aug. 15, 1999; amd. Sup. Ct. Ord. July 24, 2001, eff. July 24, 2001.*

**Rule 11.  Briefs.**

(a) **Brief of the appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with page references, and a table of cases (alphabetically arranged), statutes and other authorities cited, with references to the pages of the brief where they are cited.

(2) A statement of the issues presented for review.

(3) A statement of the case. The statement shall first indicate briefly the nature of the case and its procedural disposition in the court below.

(4) A statement of the facts relevant to the issues presented for review, with references to the pages or the parts of the record at which material facts appear.

(5) A statement of the standard of review as to each issue raised, together with a citation of authority.

(6) An argument. The argument shall be preceded by a summary. The summary shall contain a succinct, clear, and accurate statement of the arguments made in the body of the brief and not be a mere repetition of the argument headings. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and pages of the record relied on.

(7) A short conclusion stating the precise relief sought.

(8) The judgment, order, findings of fact, conclusions of law, or decision in question, together with the memorandum opinion, if any, in support thereof.

(b) **Answer brief of the respondent.** The answer brief of the respondent shall conform to the requirements of subdivision (a) (1) to (7), except that a statement of the issues or of the case need not be made unless the respondent is dissatisfied with the statement of the appellant.

(c) **Reply brief.** The appellant may file a brief in reply to the brief of the respondent, and if the respondent has cross appealed, the respondent may file a brief in reply to the response of the appellant to the issues presented by the cross appeal. The reply brief must be confined to new matter raised in the brief of the respondent. No further briefs may be filed except with leave of court.

(d) **Briefs in cases involving cross-appeals.** If a cross-appeal is filed, the party who first files a notice of appeal, or in the event that the notices are filed on the same day, the plaintiff in the proceeding below, shall be deemed the appellant for the purposes of this rule and Rules 10 and 12, unless the parties otherwise agree or the court otherwise orders. The brief of the respondent shall conform to the requirements of subdivision (a)(1)-(8) of this rule with respect to the respondent's cross-appeal as well as respond to the brief of the appellant except that a statement of the case need not be made unless the respondent is dissatisfied with the statement of the appellant.  The combined answer/cross-appeal brief shall not exceed the word limitations for a principal brief as specified in Rule 10.

Likewise, the reply brief of an appellant shall also respond to the cross-appeal and shall not exceed the word limitations for a reply brief as specified in Rule 10.

   **(e) Appendix.**  If desired, parties may attach an appendix to their briefs, or may submit a separately-bound appendix, to provide the judgment or order appealed from, challenged jury instructions (whether given or offered but not given), statutes and other legal sources, or to reference matters from the record necessary to their argument.  The Appendix shall include a table of contents and document tabs.  Given that the Court has available to it the entire record, parties are advised to include in their Appendices only those documents essential to their arguments.

   **(f) Notice of Supplemental Authorities.** When pertinent and significant authorities come to the attention of a party after the party's brief has been filed, or after oral argument but before decision, a party may promptly advise the clerk of court, by "Notice of Supplemental Authority," with a copy to all counsel, setting forth the citation(s) without argument. The notice shall reference either the page of the brief or the point argued orally to which the citation(s) pertain.

   **(g) Brief of amicus curiae.**  A brief of an amicus curiae may be filed only upon invitation or leave of court granted on motion. A motion for leave shall identify the interest of the applicant, state the reasons why a brief of an amicus curiae is desirable, identify the party whose position amicus supports, provide the date upon which the brief can be filed and shall indicate whether the other party consents to the request.

   **(h) References in briefs to parties.** Counsel shall keep to a minimum references to parties by such formal designations as "appellant" and "appellee."  It promotes clarity to use names or descriptive terms such as "John," "Sue," "the employee," "the injured person," or "the taxpayer."

   **(i) References in briefs to the record.** Whenever a reference is made in the briefs to the record, the reference must be to particular parts of the record, suitably designated, and to specific pages of each part, e.g., Answer, p. 7; Motion for Summary Judgment, p. 3; Transcript, p. 231. Intelligible abbreviations may be used. If reference is made to an exhibit, reference shall be made to the pages of the transcript on which the exhibit was identified, offered, and received or rejected.

   **(j) Overlength and supplemental briefs and costs.**
Motions to file overlength and supplemental briefs will not be routinely granted. Motions to file such briefs must be supported by an affidavit demonstrating extraordinary justification.

   **(k) Disk copy of briefs.** There shall be included with original briefs filed under this Rule and under Rule 13, a digital copy prepared on a Read Only Digital Video Disk (DVD-R), in Portable Document Format (PDF).  This rule shall not apply to hand-written briefs or to those typed on a typewriter. Failure to include the disc or CD with the original brief shall not be grounds for dismissal or for refusal to file the brief.

**Rule 12.  Filing and service of briefs.**

  **(a) Time for filing briefs.** The appellant shall serve and file a brief within 30 days after the date on which the record is filed. The appellee shall serve and file an answer brief within 30 days after service of the brief of the appellant. The appellant may serve and file a reply brief within 14 days after service of the brief of the respondent. If a cross-appeal is filed and appellant desires to file a reply brief in appellant's appeal, appellant shall serve and file a combined reply brief in appellant's appeal and an answer brief in the cross appeal within 30 days after service of the brief of the respondent.

  **(b) Number of copies to be filed and served.** A signed original and nine copies of each brief shall be filed with the clerk of the supreme court unless otherwise ordered by the court, and one copy of each brief shall be served on counsel for each party separately represented. The clerk will not accept a brief for filing unless it is accompanied by acknowledgment or proof of service as required by Rule 9.

  **(c) Consequences of failure to file briefs.** If an appellant fails to file a brief within the time provided by this rule, or within the time extended, a respondent may move for dismissal of the appeal.

**Rule 13. Extraordinary Writs--Original Proceedings.**

7.      **Extraordinary Writs--Original Proceedings:** The Supreme Court is an appellate court but is empowered by Article VII, Sections 1 and 2 of the Constitution to hear and determine such original and remedial writs as may be necessary or proper to the complete exercise of its jurisdiction.

(1)      **Extraordinary Writs:**  Proceedings commenced in the Supreme Court originally to obtain writs of habeas corpus, injunction, review or certiorari, mandate, quo warranto, and other remedial writs or orders, shall be commenced and conducted in the manner prescribed by the applicable sections of the Montana Code Annotated for the conduct of such or analogous proceedings and by these additional rules.

(2)      **Supervisory Control:** The Supreme Court has supervisory control over all other courts and may, on a case-by-case basis, supervise another court by way of a writ of supervisory control.  Supervisory control is an extraordinary remedy and is sometimes justified when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when one or more of the following circumstances exist:

(a) the other court is proceeding under a mistake of law and is causing a significant injustice;
(b) constitutional issues of state wide importance are involved;
(c) the other court has granted or denied a motion for substitution of a judge in a criminal case.

(3)      **Original Proceedings:**   An original proceeding in the form of a declaratory judgment action may be commenced in the Supreme Court when urgency or emergency factors exist making the normal appeal process inadequate and when the case involves purely legal questions of statutory or constitutional interpretation which are of state-wide importance.

(4)      **How Commenced:** The proceedings referred to in (1), (2) and (3) above, shall be commenced as follows:

(a)      **Where and when filed:** A petition may be made to the Supreme Court at any time.  The petitioner's petition and all supporting documents shall be filed with the clerk of the Supreme Court.

(b)   **What to contain:**  The petition must set forth:

(i)   the facts which make it appropriate that the Supreme Court accept jurisdiction,

(ii) the particular legal questions and issues anticipated or expected to be raised in the proceeding,

(iii) in summary fashion, the arguments and authorities for accepting jurisdiction and pertaining to the merits of the particular questions and issues anticipated or expected to be raised. No separate memorandum of law or brief shall be filed with the application, and

(iv) to the extent they exist, as exhibits, without repetition of title of court and cause, a copy of each judgment, order, notice, pleading, document proceeding or court minute referred to in the petition or which is necessary to make out a prima facie case or to substantiate the petition or conclusion or legal effect.

(v) In any proceeding regarding the abuse and neglect of a child or for the termination of parental rights under Title 41, Chapter 3, MCA, or in any proceeding under Title 40, Chapter 6, part 1 (Uniform Parentage Act); Title 42 (Adoption); Title 52, Chapter 3, part 8 (Montana Elder and Persons With Developmental Disabilities Abuse Prevention Act); Title 53, Chapter 20 (Developmental Disabilities), Chapter 21 (Mentally Ill), and Chapter 24 (Alcoholism and Drug Dependence), only the initials of the child, parent(s) or individual party(ies), as the case may be, may be used and names shall be redacted from any documents filed with the petition as set forth in (iv) above.

(5) **Notice to Judge--Writs:**  If a petition for an extraordinary writ or for a writ of supervisory control is filed with respect to any proceeding pending in the district court, the petition and any exhibits relating to a ruling of the district court must be served upon the district judge against whose ruling it is directed.  Such petition shall, in its title, include the name of the district judge and the judicial district from which the ruling was issued.

(6) **Procedure on filing:** (a) Upon the filing of a petition the Supreme Court may order that a summary response be filed, or the Court may dismiss the petition without ordering a response.  The response shall summarize the arguments and authorities for rejecting jurisdiction and shall otherwise comply with (3)(b)(ii) and (iii), and, to the extent necessary, (3)(b)(iv), above.  No separate memorandum of law or brief shall be filed with the response.  No reply memorandum shall be filed to the response, except on order of the Supreme Court.
(b) In the event the Court orders a response, the court shall accept jurisdiction, order more extensive briefing, order oral argument, issue any other writ or order deemed appropriate in the circumstances, or dismiss the petition.
(c) The Supreme Court may order a stay of further proceedings in the other court, pending the Supreme Court's disposition of the petition.

(7) **Oral argument.** If oral argument is ordered it shall be conducted in the same manner as in the argument of appeals.

(8) **Number of copies--Format--Word limitations:** (a) A signed original and nine copies of any petition filed under this rule and any response thereto, shall be filed with the Clerk of the Supreme Court.

(b) All filings made pursuant to subsection (4)(a) of this rule shall conform to the requirements of Rule 10, except that neither the text of the petition nor any response shall exceed 5000 words if proportionately spaced or 14 pages if prepared in monospaced typeface or if typewritten.

(c) Exhibits shall be preceded by an index and each exhibit shall be separately tabbed.

(9) **Briefs**. In those cases in which more extensive briefing is ordered, each party shall, unless otherwise ordered, prepare, file and serve briefs in conformance with Rule 11. All briefs shall be served and filed according to the time schedule set forth in the Supreme Court's order.

*Comments:*

*This Rule revises present Rule 17 of the M.R.App.P.. Except in three respects, the Rule has not substantively amended present Rule 17, the changes being mainly in organization and format. For example, the rule now sets out separately the three categories of original filings that are presently covered by Rule 17--i.e. extraordinary writs, writs of supervisory control, and original proceedings by way of petitions for declaratory judgment. Each category recognizes the unique legal requirements that pertain to that category. The first substantive change is the deletion of the requirement in present Rule 17(e), M.R.App.P. that "counsel file with the clerk of this court the original court file unless for some reason." We believe that this requirement is redundant with the requirement in 4(b)(iv) of this rule and simply involves transmitting unnecessary paper work to the clerk. As for the second substantive change, the requirements for supervisory control include the expanded criteria which the Court adopted in Plumb v. Fourth Judicial District Court, 279 Mont. 363, 927 .2d 1011, while retaining the requirements of emergency factors, inadequate remedy of appeal, and purely legal questions (see Preston v. Eighteenth Judicial Dist. Ct. (1997), 282 Mont. 200, 936 P.2d 814, for further illumination of Plumb). The third substantive change is subparagraph (2)(c) which makes supervisory control available in a criminal case where the other court has granted or denied a motion for substitution of a judge. This is the counterpart*

*to Rule 5(11) which allows such a challenge by way of appeal in a civil case. Supervisory control was chosen as the method of appellate review in criminal cases so as to better protect the accused's constitutional right to a speedy trial.*

*Some of our cases have cited other reasons for granting supervisory control, such as judicial economy, clarification of the law, and irreparable harm (which could be considered the same as an "inadequate remedy of appeal"). For example: First Bank v. Mont. Fourth Judicial Dist. Ct. (1987), 226 Mont. 515, 519, 737 P.2d 1132, 1134 (petition for supervisory control granted for, among other things, the sake of judicial economy, the court stating "**This Court will nonetheless accept jurisdiction to protect First Bank from participating in needless litigation, a purpose for which a writ of supervisory control is intended . . .**"); State ex rel. First Bank System v. Mont. Eighth Judicial Dist. Ct. (1989), 240 Mont. 77, 85, 782 P.2d 1260, 1264 (petition for supervisory control granted for, among other things, the sake of judicial economy, the court stating "Such a trial on damages becomes needless and expensive litigation. . . . We conclude that **supervisory control is appropriate to prevent needless and potentially damaging litigation.**"); Gallatin County v. Mont. Eighteenth Judicial Dist. Ct. (1997), 281 Mont. 33, 36-37, 930 P.2d 680, 683 (petition for supervisory control granted for, among other things, the sake of judicial economy, the court stating "Moreover, it was clear that urgency and emergency factors existed, not the least of which was the interest of the Gallatin County taxpayers in **avoiding extended litigation** beginning at the trial court level. Thus, we accepted original jurisdiction."); Sportsmen for I-143 v. Fifteenth Judicial Dist. Ct., 2002 MT 18, ¶ 6, 308 Mont. 189, ¶ 6, 40 P.3d 400, ¶ 6 (petition for supervisory control granted for, among other things, the sake of judicial economy, the court stating **"Furthermore, if the Sportsmen's Groups successfully appealed the denial of their motion to intervene after final judgment, extended and needless litigation would result."**); Goldman Sachs Group, Inc. v. Second Judicial Dist. Ct., 2002 MT 83, ¶ 8, 309 Mont. 289, ¶ 8, 46 P.3d 606, ¶ 8 (petition for supervisory control granted for, among other things, the sake of judicial economy, the court stating "**Additionally, and most importantly, the substitution of judge issue presented here occurs in the context of pending litigation which is potentially complex and which involves numerous parties. Requiring litigation of the matter as it stands now risks wasting significant resources and may cause uncertainty as to the validity of the District Court judge's involvement and decisions in this matter.**"); Payne v. Eighth Judicial Dist. Ct., 2002 MT 313, ¶ 5, 313 Mont. 118, ¶ 5, 60 P.3d 469, ¶ 5 (petition for supervisory control granted for, among other things, the sake of judicial economy, the court stating "this mistake of law would alter the cost of and preparation for trial, affect settlement negotiations, and call into question the value of any potential verdict resulting in **additional time and expense for appellate resolution and subsequent litigation.**"); Truman v. Eleventh Judicial Dist. Ct., 2003 MT 91, ¶¶ 14-16, 315 Mont. 165, ¶¶ 14-16, 68 P.3d 654, ¶¶ 14-16, (petition for supervisory control granted for, among other things, the sake of judicial economy, the*

*court stating "In Plumb . . . **[j]udicial economy** and inevitable procedural entanglements were cited as appropriate reasons for this Court to issue a writ of supervisory control. . . . We conclude that the same considerations present in Plumb are present in this case."); State ex rel. Gadbaw v. Mont. Eighth Judicial Dist. Ct., 2003 MT 127, ¶ 17, 316 Mont. 25, ¶ 17, 75 P.3d 1238, ¶ 17 (petition for supervisory control granted for, among other things, the sake of judicial economy, the court stating "The convenience of the parties and **the interests of judicial economy justify the exercise of supervisory control**."); State ex rel. Eccleston v. Mont. Third Judicial Dist. Ct., 240 Mont. 44, 48, 783 P.2d 363, 366 (petition for supervisory control granted to interpret a governmental immunity statute, the Court stating "Therefore, we conclude that a writ of **supervisory control is appropriate in this case for the purpose of clarifying the law** and in **the interests of judicial economy.**"); State ex rel. USF&G v. Second Judicial Dist. Ct. (1989), 240 Mont. 5, 9, 783 P.2d 911, 913 (where the district court required disclosure of attorney-client communications, petition for supervisory control was granted because "**the harm would be irreparable**"); State ex rel. Mapes v. Eighth Judicial Dist. Ct. (1991), 250 Mont. 524, 529, 822 P.2d 91, 94 (where the district court's ruling implicated the psychologist-client privilege, allowing for certain disclosure of plaintiff's psychological therapy records, petition for supervisory control was granted because "**the damage cannot be undone on appeal**"); Park v. Sixth. Judicial Dist. Ct., 1998 MT 164, ¶ 15, 289 Mont 367, ¶ 15, 961 P.2d 1267 ¶ 15 (where the district court's order had the effect of compelling the defendant to disclose potentially privileged testimony, petition for supervisory control was granted because "**the damage cannot be undone on appeal**"); Winslow v. Mont. Rail Link, Inc., 2001 MT 269, ¶ 6, 307 Mont. 269, ¶ 6, 38 P.3d 148, ¶ 6 (where the district court's order **presented an issue as to good cause for and scope of discovery of potentially-privileged medical information**, petition for supervisory control was granted because "**the harm cannot be remedied by way of appeal.**").*

*Additionally, it is worth mention that in some cases since Plumb, we have granted supervisory control but then affirmed the district court. As Chief Justice Gray has maintained in several dissents since Plumb, this approach seems to contradict the Plumb requirement that the lower court be proceeding under a mistake of law. In these cases, it seems that the Court's motivation for assuming supervisory control may have been to clarify the law where the lower court record provided a sufficient basis for doing so. In Lane v. Mont. Fourth Judicial Dist. Ct., 2003 MT 130, ¶ 18, 316 Mont. 55, ¶ 18, 68 P.3d 819, ¶ 18, where we accepted supervisory control and affirmed the district court's application of the res judicata doctrine, we cited, as justification for assuming supervisory control, the fact that a gross injustice would occur if the defendant were wrongly required to defend against the same claim a second time. In effect, we held that the mere allegation of an error, which would result in gross injustice if indeed shown to be an error, satisfied the "mistake of law" prong and the "inadequate remedy of appeal"*

40

*prong of the Plumb test. Similarly, in Goldman Sachs Group, Inc. v. Second Judicial Dist. Ct., 2002 MT 83, ¶ 8, 309 Mont. 289, ¶ 8, 46 P.3d 606, ¶ 8, where we accepted supervisory control and affirmed the district court's application of the law regarding substitution of a district court judge, we cited, as justification for assuming supervisory control, the risk of wasting significant resources and causing uncertainty as to the validity of the result. Here, again, the mere potential of an injustice occurring was seen as justification for supervisory control.*

*Subparagraph 9 pertains to all three categories of original relief and provides for uniformity in filing.*

**Rule 14.  Certification of questions of law.**

(a)  Definitions.  In this rule:

(1)  "State" means a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, or any territory or insular possession subject to the jurisdiction of the United States.

(2)  "Tribe" means a tribe, band, or village of native Americans which is recognized by federal law or formally acknowledged by a State.

(b)  Power to Certify.  The supreme court of this State, on the motion of a party to pending litigation or its own motion, may certify a question of law to the highest court of another State or of a tribe, or of Canada, a Canadian province or territory, Mexico, or a Mexican state if:

(1)  the pending litigation involves a question to be decided under the law of the other jurisdiction;

(2)  the answer to the question may be determinative of an issue in the pending litigation; and

(3)  the question is one for which an answer is not provided by a controlling appellate decision, constitutional provision, or statute of the other jurisdiction.

(c)  Power to Answer.  The supreme court of this State may answer a question of law certified to it by a court of the United States or by the highest court of another State or of a tribe or of Canada, a Canadian province or territory, Mexico, or a Mexican state, if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State.

(d)  Power to Reformulate Question.  The supreme court of this State may reformulate a question of law certified to it.

(e)  Certification Order; Record.  The court certifying a question of law to the supreme court of this State shall issue a certification order and forward it to the supreme court of this State.  Before responding to a certified question, the supreme court of this State may require the certifying court to deliver all or part of its record to the supreme court of this State.

(f)  Contents of Certification Order.

(1)  A certification order must contain:

(i)  the question of law to be answered;

(ii)  the facts relevant to the question, showing fully the nature of the controversy out of which the question arose;

(iii)  a statement acknowledging that the supreme court of this State, acting as the receiving court, may reformulate the question; and

(iv)  the names and addresses of counsel of record and parties appearing without counsel.

(2)  If the parties cannot agree upon a statement of facts, the certifying court shall determine the relevant facts and state them as a part of its certification order.

(g)  Notice; Response. The supreme court of this State acting as a receiving court, shall notify the certifying court of acceptance or rejection of the question

and, in accordance with notions of comity and fairness, respond to an accepted certified question as soon as practicable.

(h)   Procedures.   After the supreme court of this State has accepted a certified question, proceedings are governed by the rules and statutes governing briefs, arguments, and other appellate procedures.   Procedures for certification from this State to a receiving court are those provided in the rules and statutes of the receiving forum.

(i)   Opinion.  The supreme court of this State shall state in a written opinion the law answering the certified question and send a copy of the opinion to the certifying court, counsel of record, and parties appearing without counsel.

(j)   Cost of Certification.  Fees and costs are the same as in civil appeals docketed before the supreme court of this State and must be equally divided between the parties unless otherwise ordered by the certifying court.

(k)   Severability.  If any provision of this rule or its application to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of this rule which can be given effect without the invalid provision or application, and to this end the provisions of this rule are severable.

(l)   Uniformity of Application and Construction.  This rule shall be applied and construed to effectuate its general purpose to make uniform law with respect to the subject of the rule among States adopting it.

(m)   Short Title.  This rule may be cited as the Uniform Certification of Questions of Law Rule (1995).


*History: En. Sup. Ct. Ord. June 16, 1986, eff. Jan. 19, 1987; repealed and replaced by Sup. Ct. Ord. March 13, 1997, eff. April 15, 1997.*

**Rule 15. Motions.**

　　**(a) Form and content.**  Unless another form is prescribed by these rules, an application for an order or other relief shall be made by filing a motion in writing for such order or relief. The motion shall state with particularity the grounds therefor and shall set forth the order or relief sought. Counsel shall also note therein that opposing counsel has been contacted concerning the motion and whether opposing counsel objects to the motion. Failure to include this statement may result in denial of the motion. If a motion is supported by briefs, affidavits or other papers, whether required by these rules or otherwise, or submitted in a party's discretion, they shall be served and filed with the motion.  A motion to dismiss made by an appellant in a civil or criminal case, except for an Anders motion pursuant to § 46-8-103(2), MCA, must be signed by the appellant personally, as well as by appellant's counsel. At the time of filing a procedural motion counsel shall present a proposed order, together with sufficient copies for service upon all counsel of record, as well as stamped envelopes addressed to all counsel of record.  The supreme court may authorize disposition of motions for procedural orders by a single justice.

　　**(b) Response.**  Any party may file a response in opposition within 11 days after service of the motion, or within such time as the court may direct.

　　**(c)**  The motion and the response, including supporting argument and authority, shall be limited to five pages of text and shall set forth a succinct statement of the issue or problem, a brief argument including a list of supporting authority and a parenthetical statement of the holding or rule of any case cited, and a succinct statement of the relief sought.  No reply shall be filed.

**Rule 16.      Oral arguments.**

(a)      *Standards.* Oral argument will be allowed only those cases designated for such under the internal operating rules of the Court. All cases not designated for oral argument will be decided on the basis of the briefs filed.

(b)      *Notice of hearing.* Upon order of the court, the clerk shall advise all parties whether oral argument will be scheduled, and if so, the date, time and place for the argument.

(c)      *Time allowed for argument.* Upon oral argument of an appeal or original proceeding, 40 minutes will be allowed appellant or applicant and 30 minutes to appellee. Appellant may reserve no more than 15 minutes of the 40 minute allocation for rebuttal

(d)      *Order and content of argument.* The appellant or applicant is entitled to open and conclude the argument. Closing argument shall be limited to rebuttal of appellee's argument.

(e)      *Cross and separate appeals.* If there is a cross-appeal, Rule 11(d) (Briefs) determines which party is the appellant and which is the appellee for purposes of oral argument. If separate appellants support the same argument, care shall be taken to avoid duplication of argument at the hearing.

(f)      *Use of physical exhibits.* Use of physical exhibits and enlargements during oral argument is distracting to the court and is thus discouraged. Handouts are permissible provided there are sufficient copies for members of the court and opposing counsel. If opposing counsel objects to the handout, counsel may make an objection on the record at an appropriate time.

(g)      *Arguments recorded.* Oral arguments are electronically recorded. Absent a recusal, a justice not able to attend oral argument will participate in the court's deliberation after listening to the electronic recording.

(h)      Miscellaneous. The court, *sua sponte*, or upon motion and good cause shown, may direct that oral argument times be extended or shortened; that the order or designation of parties arguing be modified; or that amicus curiae argue. Normally, any time granted to amicus curiae for oral argument will be subtracted from the time allotted to the party whose argument the amicus supports. Amicus curiae seeking leave to present oral argument, must indicate whether such party consents to the motion.

**RULE 17.    Media access to court proceedings.**

(1)  *Media coverage.* Provided that the orderly procedures of the court are not impaired or interrupted, the media is welcome to record and photograph, or broadcast by radio or television or other means, the oral arguments of the supreme court.

No person or organization will have exclusive access to a proceeding in the courtroom.  The Chief Justice will advise media outlets if pool coverage is necessary.

(2)  *Equipment.*  Broadcast media should arrive at least thirty (30) minutes prior to oral argument to begin setting up equipment.  All equipment must be in place and tested fifteen (15) minutes in advance of the time scheduled for the court session.

(a)  Locations for all video cameras, still cameras and audio equipment within the courtroom will be determined by the Chief Justice.

(b)  Video and photographic equipment must be of professional quality with minimal noise so as not to disrupt the proceedings; flash equipment and other supplemental lighting or sound equipment is prohibited unless specifically approved by the court.

(c)  Handheld tape recording devices may be used so long as the device can be positioned so as not to obstruct or impair the court proceedings.

(d)  Cellular telephones, alarms, pagers or other sound producing devices should be turned off at all times when Court is in session.

**Rule 18.    Relief.**

**A.    Disposition.**

1.    Affirm.  The Court's decision to uphold a decision of the district court constitutes an affirmance of that portion of the judgment or order of the court from which the party took the appeal.

2.    Reverse.  The Court's decision to overturn or modify a decision of the district court constitutes a reversal of that portion of the judgment or order of the court from which the party took the appeal.

3.    Remand.  The Court's decision to overturn all or some part of the decision of the court from which the party took the appeal may require that court to apply the Court's ruling in further proceedings consistent with the Court's decision.

**B.    Dismissal.**

1.    With Prejudice.  Unless otherwise ordered, the Court's dismissal of an appeal is with prejudice and constitutes the final judgment of the Court.

2.    Upon Motion or Stipulation.  The Court may dismiss an appeal or cross-appeal upon motion or upon stipulation of the parties.  If counsel for the appellant or cross-appellant files the motion to dismiss, the represented party also must sign the motion.  In the event the Court dismisses the appeal or cross-appeal, each party shall bear its own costs unless otherwise stipulated by the parties or ordered by the Court.

**C.    Costs**

1.    Costs on appeal will be awarded to the prevailing party unless otherwise specifically provided by the Court in its decision.  Taxable costs include costs of reproducing briefs and necessary appendices, costs incurred in transmission of the record, cost of the reporter's transcript if necessary for the determination of the appeal, and the fee for filing the notice of appeal.  In the event that a dispute arises over which party has prevailed, that matter, as well as the matter of costs, shall be resolved by the district court.

2.    Extraordinary Writs – Original Proceedings.

      a.    Costs in extraordinary writ proceedings will be awarded only in the Court's discretion when special circumstances warrant an award.

      b.    Any costs awarded to the applicant or relator in proceedings seeking writs of supervisory control will be assessed against the

real party in interest, rather than against the state, county, municipality, subdivision, judge, or justice.

     c.     Costs in original proceedings will be awarded to the prevailing party unless otherwise specifically provided by the Court in its decision.

D.    **Sanctions.**  The Court may, on a motion to dismiss, a request included in a brief, or sua sponte, award sanctions to the prevailing party in an appeal, cross-appeal, or a motion or petition for relief, determined to be frivolous, vexatious, filed for purposes of harassment or delay, or taken without substantial or reasonable grounds. Sanctions may include costs, attorney's fees, or such other monetary or non-monetary penalty as the Court deems proper under the circumstances.

**Rule 19.          Petitions for rehearing.**

1.       Criteria.
(a)      The Court will consider a petition for rehearing presented only upon the following grounds:

- That the Court overlooked some fact material to the decision;
- That the Court overlooked some question presented by counsel that would have proven decisive to the case; or
- That the Court's decision conflicts with a statute or controlling decision not addressed by the Court.

(b)      The Clerk of Court will *not* accept for filing a petition for rehearing in appeals or special proceedings if the Court orders that remittitur, peremptory writ, or judgment issue immediately.

(c)      The Clerk of Court will *not* accept for filing a petition for rehearing after remittitur has issued.

(d)      Absent clearly demonstrated exceptional circumstances, the Court will *not* grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs.

(e)      Petitions for rehearing will not be argued orally.

2.       Timing.
(a)      A party must file and serve a petition for rehearing within 15 days after the Court has rendered its decision, unless the Court expressly shortens or enlarges the time by order.

(b)      A party opposing the petition for rehearing shall have 15 days after the filing of the petition for rehearing in which to file and serve objections.

(c)      Any motion for extension of time in which to file a petition for rehearing must be filed within the 15-day period for filing the petition for rehearing. The Court will grant extensions of time only upon a showing of unusual merit and in no event will grant an extension of time in excess of 15 days. The extension period will run from the date of the Court's order granting the extension.

(d)      The Court will not accept reply briefs.

3.       Length.
(a)      The petition for rehearing and objections thereto shall not exceed 2,500 words.

(b)      The petition for rehearing and objections thereto shall not have an average of more than 280 words per page, including footnotes and quotations.

(c)      The word and page limits under subsections (a) and (b) do not include any table of contents, table of cases, table of statutes and other secondary authorities, or any addendum containing statutes, rules, regulations, or cases, none of which are required.

4.   Filing.

(a)   The parties shall file a signed original and 7 copies of the petition for rehearing and objections thereto with the clerk.

(b)   The petition for rehearing and objections thereto must contain a certificate of service on the opposing party.

(c)   The petition for rehearing and objections thereto must contain a certificate verifying that the document's word count and words per page comply with subdivisions (3)(a) and (3)(b) above.

**Rule 20.      Remittitur.**

1.      Timing.  The Clerk of Court promptly shall notify counsel for each party of the Court's decision and provide a copy of the Court's decision.

(a)     Remittitur shall issue upon the expiration of time for filing a petition for rehearing, unless the Court directs that it shall issue immediately upon its decision.

(b)     In the event that the Court modifies its decision in response to a petition for rehearing, remittitur shall issue immediately upon the expiration of time for filing a petition for rehearing in response to the Court's modified decision.

(c)     In the event that a party files a petition for rehearing, remittitur shall issue upon the Court's denial of the petition for rehearing.

(2)     The Clerk of the Supreme Court shall certify the Court's judgment on appeal to the clerk of the district court from which the appeal had been taken.  The clerk of the district court shall enter the certificate received from the Clerk of the Supreme Court in the records of the district court.

(3)     Petitions for Certiorari to the United States Supreme Court.

(a)     In the event that the United States Supreme Court grants a petition for certiorari, remittitur shall issue at such time as this Court receives the final decision or disposition of the United States Supreme Court, and this Court issues its decision, if one is required.

(b)     Remittitur shall issue immediately upon the United States Supreme Court's denial of a petition for certiorari.

**Rule 21.      Stay of judgment or order pending appeal.**

    a.  Motion for Stay

(1) Motion in the District Court.

(A)  A party shall file a motion in the district court for any of the following relief:

(i) to stay a judgment or order of the district court pending appeal;

(ii) for approval of a supersedeas bond; or

(iii)for an order suspending, modifying, restoring, or granting an injunction pending appeal.

(B)  The District Court retains the power to entertain and rule upon a motion filed pursuant to this rule despite the filing of a notice of appeal or the pendency of an appeal.

(C)  The District Court must promptly enter a written order on a motion filed under this rule and include in findings of fact and conclusions of law, or in a supporting rationale the relevant facts and legal authority on which the court's order is based. A copy of any order made after the filing of a notice of appeal must be promptly filed with the Clerk of the supreme court.

(2) Motion in the supreme  court.

(A)  On the denial of a motion for relief under subsection a.(1) of this rule, a motion for the denied relief may be filed in the supreme court.

(B) The motion must:

(i) demonstrate good cause for the relief requested, supported by affidavit;

(ii) include copies of relevant documents from the record;

(iii) include a copy of the district court's order issued pursuant to subsection a.(1)(C) of this rule;

(iv) not exceed 10 pages of text including the affidavit, but exclusive of the documents described in subsection a.(2)(B)(ii) and (iii) of this rule.

(C)  Response or objection to motion:

(i)     A response or objection to a motion filed under subsection a.(2) of this rule may be filed within 11 days of the filing of the motion.

(ii)    The response or objection shall comply with subsection a.(2)(B)(i), (ii) and (iv) of this rule.

(D)  Except in extraordinary circumstances supported by affidavit, motions under this rule which have not been filed in accordance with subsections a.(1) and (2)(A) and (B) of this rule and motions filed without prior notice to the opposing party or counsel, will be denied summarily.

b.  Proceedings Against a Surety.  If a party gives security in the form of a bond or stipulation or other undertaking with one or more sureties, each surety submits to the jurisdiction of the district court and the supreme court and irrevocably appoints the district court's clerk as the surety's agent on whom any papers affecting the surety's liability on the bond or undertaking may be served.  On motion, a surety's liability may be enforced in the district court without the necessity of an independent action.  The motion and any notice that the district court or the supreme court prescribes may be served on the district court clerk who promptly must mail a copy to each surety whose address is known.

c.  Stay in a criminal case.  Sections 46-20-204 and 46-20-205, Montana Code Annotated, govern stays in criminal cases.

**RULE 22.    Undertaking for costs on appeal in civil cases.**

(a)  The district court may require an appellant to file a bond or provide other security in such form and amount as it finds necessary to insure payment of costs on appeal in a civil case.  The provisions of Rule 23 apply to a surety upon a bond given pursuant to this rule.

(b)  No undertaking for costs is required in appeals in criminal cases.

**Rule 23.    Sureties.**

(a) Enforcement of Surety's Liability.  The provisions of Sections 25-1-402, 25-13-105, 33-26-101, 33-26-102, and 72-31-101, Montana Code Annotated, apply to cases on appeal that require an undertaking or supersedeas bond with a surety.  A party may enforce the surety's liability pursuant to the procedure set forth in Rule 22 of these rules.

(b) Surety's Justification.  A party may file an objection to the sufficiency of any bond or undertaking within 30 days after the filing of such bond or undertaking.  The party filing the bond or undertaking, or the surety or sureties used by the party to file the bond or undertaking, shall file a response with the district court within 20 days after the service of notice of any objection.  The failure of the party filing the bond or undertaking, or its surety or sureties, to file a response to the objection, shall dissolve any stay preventing the execution of the judgment or order from which the party filed the appeal.

**RULE 24.     Substitution of parties in civil cases.**

(a) Death of a Party.  If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the supreme court in a civil case, the personal representative of the deceased party may be substituted as a party on motion filed by any party with the clerk of the supreme court.  The motion of a party shall be served upon the representative in accordance with the provisions of Rule 9  If the deceased party has no representative, proceedings shall then be had as the supreme court may direct.  If a party against whom an appeal may be taken dies after entry of a judgment or order in the district court but before a notice of appeal is filed, an appellant may proceed as if death had not occurred.  After the notice of appeal is filed substitution shall be effected in the supreme court in accordance with this rule.  If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by such party's personal representative, or, if there is no personal representative, by such party's attorney of record within the time prescribed by these rules.  After the notice of appeal is filed substitution shall be effected in the supreme court in accordance with this rule.

(b) Substitution for Other Causes.  If substitution of a party in the supreme court is necessary for any reason other than death, substitution shall be effected in accordance with the procedure prescribed in subdivision (a).

(c) Public Officers--Death or Separation From Office.  When a public officer is a party to an appeal or other proceeding in the supreme court in an official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and the public officer's successor is automatically substituted as a party.  Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded.  An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

**Rule 25.       Extension of time.**

   **(a) Extension of time--Generally.** Except as provided in subsections (b) and (c) of this rule, the court for good cause shown may upon motion extend the time prescribed by these rules or by its order for doing any act, and may thereby permit an act to be done after the expiration of such time if the failure to act was excusable under the circumstances.  Within the text of each motion requesting an extension of time submitted to the court for its consideration, counsel shall note that opposing counsel has been contacted concerning the motion and whether opposing counsel objects to the motion. Failure to include this statement may constitute, in the discretion of the court, grounds for denial of the motion. All motions and orders for extension of time shall comply with Rule 22 and shall include a date certain on or before which date the act for which an extension of time is requested must be performed.

   (**b) Extensions of time--Filing briefs in appeals of termination of parental rights and abused and neglected children case.** There shall be a presumption against granting motions for extension of time to file briefs. Any motion for extension of time to file a brief in the referenced cases may be granted only upon written motion supported by a showing of diligence and substantial need. Such a motion shall be filed at least 7 days before the expiration of the time prescribed for filing the brief, shall comply with Rule 22 and shall be accompanied by an affidavit stating:

   (1) when the brief is due;
   (2) when the brief was first due;
   (3) the length of the requested extension;
   (4) the reason an extension is necessary;
   (5) movant's explanation establishing that movant has exercised diligence and has substantial need for the extension, and that the brief will be filed within the time requested.  An affidavit setting forth a conclusory statement as to the press of business will not constitute a showing of diligence and substantial need and will subject the motion to summary denial; and
   (6) whether any other party separately represented objects to the request.

   **(c) Extensions of time--Filing briefs in other cases.** In all cases except those addressed in subsection (b) of this rule, a party may move for, and, without objection, be granted one 30-day extension of time in which to file a brief required or allowed to be filed under these rules. Any second or subsequent motion for extension of time to file a brief shall meet the requirements of subsection (b) of these rules.

**Rule 26.  Notice involving constitutional questions where the state is not a party.**

A party who challenges the constitutionality of any act of the Montana Legislature in any action, suit or proceeding in the supreme court to which neither the state nor any agency or any officer or employee thereof, as such officer or employee, is a party, must give notice to the supreme court and to the Montana Attorney General of the existence of the constitutional issue.  This notice must be in writing, specify the section of the code or chapter of the session law to be construed and must be given no later than 11 days from the date that the notice of appeal or notice of cross-appeal is filed or the date of filing of an original proceeding in the supreme court.  No later than 20 days from the date that the foregoing notice is filed, the Attorney General shall notify the supreme court and all parties in writing as to whether the Attorney General will participate in the appeal.

## IV.  Appeals *in forma pauperis*

**Rule 27.  Waiver of filing fee.**

A party in a civil case who desires to proceed on appeal in forma pauperis shall file in the supreme court a motion for leave to so proceed, together with an affidavit showing, as prescribed by Form 3 of the Appendix of Forms, the party's financial condition and inability to pay the fee for filing of the appeal, the party's belief that the party is entitled to redress, and a statement of the issues the party intends to present on appeal.  If the party is incarcerated in a correctional institution or facility, the party shall include with the affidavit a statement of account indicating the party's funds, if any, which are held by the institution or facility.  If necessary to determine a party's financial condition, the supreme court may remand a motion to the district court for factfinding.  If the motion is granted, the party may proceed on appeal without payment of the filing fee.  However, waiver of the filing fee does not entitle the party to waiver of other fees and costs, such as transcript preparation costs or attorney fees.

*History: En. Sup. Ct. Ord. 11020, Dec. 10, 1965, eff. Jan. 1, 1966; amd. Sup. Ct. Ord. June 16, 1986, eff. Jan. 19, 1987; amd. Sup. Ct. Ord. May 1, 1990, eff. May 1, 1990; amd. Sup. Ct. Ord. Feb. 7, 2002, eff. Mar. 15, 2002; amd. Sup. Ct. Ord. Dec. 17, 2002, eff. Feb. 1, 2003.*

**Rule 28.      Record of commissions and oaths; minutes.**

(a)  Commissions and oaths.  The commissions and oaths of the justices, the clerk of this court and the attorney general shall be recorded in the records of this court.

(b)  Minutes of court.  The minutes of this court shall be attested as true and correct by the clerk.

**Rule 29.  Suspension of the rules.**

(a)  In the interest of expediting decision on any matter before it, or for other good cause shown, the Supreme Court may, except as otherwise provided in (b) below,  suspend the requirements or provisions of these rules on application of a party supported by affidavit, and may order proceedings in accordance with its direction.

(b)  This rule may not be invoked with respect to proceedings governed by Rule 54, M.R.App.P.  Any request for an out-of-time appeal shall be governed solely by Rule 5(4)(c), M.R.App.P.

Form 1.

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____
(To be assigned by the Clerk of the Supreme Court)

_____

Attorney for_____
Address_____
Phone _____
Fax_____
E-mail_____

_____,

Appellant,

v.                                                                NOTICE OF APPEAL

_____,

Appellee.

NOTICE is given that _____, the Appellant above-named and who is the _____(plaintiff/petitioner/or other designation) in that cause of action filed in the _____Judicial District, in and for the County of _____, as Cause No._____, hereby appeals to the Supreme Court of the State of Montana (from the final judgment or order (describing it), entered in such action on the _____day of _____, 2_____.

**THE APPELLANT FURTHER CERTIFIES:**

1. that this appeal _____is/_____is not subject to the mediation process required by Rule 6 M.R.App. P. If subject to mediation, the money judgment being sought is____/is not____less than $5,000.
2. that this appeal _____is/_____is not an appeal from an order certified as final under Rule 54(b), M.R.Civ.P. If this is such an appeal, a true copy of the District Court's certification order is attached hereto as Exhibit "A".
3. that the notice required by Rule 26, M.R.App.P. has been or will be given, within 11 days of the date hereof, to the Supreme Court and to the Montana Attorney General with respect to a challenge to the constitutionality of any act of the Montana Legislature.
4. that all available transcripts of the proceedings in this cause _____have been/_____have not been ordered from the court reporter contemporaneously with the filing of this notice of appeal. If all available transcripts have not been ordered, that

Appellant _____ has complied with the provisions of Rule _____(c)(2), M.R.App.P. contemporaneously with the filing of this notice of appeal.

5. that included herewith is the filing fee prescribed by statute, or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms, as Form 3.

Dated this _____day of _____, 2_____.

_____
Attorney for_____

CERTIFICATE OF SERVICE

I hereby certify that I have filed a true and accurate copy of the foregoing NOTICE OF APPEAL with the Clerk of the District Court above named; and that I have served true and accurate copies of the foregoing NOTICE OF APPEAL by depositing said copies into the U.S. Postal Service, postage prepaid and properly addressed to each attorney of record and to each party not represented by an attorney in the above-referred to District Court action, as follows: (list name and address of each attorney or party served).

Dated this ___ day of _____, 2_____.

_____
Name

_____
Address

_____
Title

Form 2

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____
(To be assigned by the Clerk of the Supreme Court)

_____
Attorney for_____
Address_____
Phone _____
Fax_____
E-mail_____


_____,
Appellant/Cross-Appellee

  v.                NOTICE OF CROSS-APPEAL

_____,
Appellee/Cross-Appellant.

   NOTICE is given that _____, the Cross-Appellant above-named and who is the _____(plaintiff/petitioner/or other designation) in that cause of action filed in the _____Judicial District, in and for the County of _____, as Cause No._____, hereby cross-appeals to the Supreme Court of the State of Montana (from the final judgment or order (describing it), entered in such action on the _____day of _____, 2_____.

**THE CROSS-APPELLANT FURTHER CERTIFIES:**

1. that this cross-appeal _____is/_____is not subject to the mediation process required by Rule ___, M.R.App. P.  If subject to mediation, the money judgment being sought is_____/is not_____less than $5,000.
2. that this cross-appeal _____is/_____is not an appeal from an order certified as final under Rule  54(b), M.R.Civ.P.  If this is such an appeal, a true copy of the District Court's certification order is attached hereto as Exhibit "A".

2

3. that the notice required by Rule 26, M.R.App.P. has been or will be given, within 11 days of the date hereof, to the Supreme Court and to the Montana Attorney General with respect to a challenge to the constitutionality of any act of the Montana Legislature.

4. that all available transcripts of the proceedings in this cause involving the issue(s) cross-appealed _____have been/_____have not been ordered from the court reporter contemporaneously with the filing of this notice of cross-appeal. If all available transcripts have not been ordered, that Cross-Appellant _____ has complied with the provisions of Rule 7(c)(2), M.R.App.P. contemporaneously with the filing of this notice of appeal.

5. that included herewith is the filing fee prescribed by statute, or the affidavit to proceed without advance payment of fees prescribed in the Appendix of Forms, as Form 3.

      Dated this _____day of _____, 2_____.

                             _____

                             Attorney for_____

## CERTIFICATE OF SERVICE

      I hereby certify that I have filed a true and accurate copy of the foregoing NOTICE OF CROSS-APPEAL with the Clerk of the District Court above named; and that I have served true and accurate copies of the foregoing NOTICE OF CROSS-APPEAL by depositing said copies into the U.S. Postal Service, postage prepaid and properly addressed to each attorney of record and to each party not represented by an attorney in the above-referred to District Court action, as follows:

(list name and address of each attorney or party served).

      Dated this ___ day of _____, 2_____.

                             _____

                             Name

                             _____

                             Address

                             _____

                             Title

Form 3.

## AFFIDAVIT TO ACCOMPANY MOTION FOR LEAVE TO
## APPEAL IN FORMA PAUPERIS

## IN THE SUPREME COURT OF THE STATE OF MONTANA

A.B., Appellant,                                    AFFIDAVIT IN SUPPORT OF MOTION
    vs.                                              TO PROCEED ON APPEAL WITHOUT
C.D., Respondent.                                  PAYMENT OF FILING FEE

I, …………………., being first duly sworn, depose and say that I am the appellant (or cross-appellant) in the above-entitled case; that in support of my application to proceed on appeal without being required to pay the filing fee, I state that because of my financial condition I am unable to pay the filing fee; that I believe I am entitled to redress; and that the issues which I desire to present on appeal are the following:
…………………………………………………………………………………………………
…………………………………………………………………………………………………
I further swear that the responses which I have made to the questions and instructions below relating to my ability to pay the cost of prosecuting the appeal are true.
1. Are you presently employed?
a. If the answer is yes, state the amount of your salary or wages per month and give the name and address of your employer.
b. If the answer is no, state the date of your last employment and the amount of the salary and wages per month which you received.
2. Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, or other source?
a. If the answer is yes, describe each source of income, and state the amount received from each during the past 12 months.
3. Do you own any cash or checking or savings account?
a. If the answer is yes, state the total value of the items owned.
4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?
a. If the answer is yes, describe the property and state its approximate value.
5. List the persons who are dependent upon you for support and state your relationship to those persons.
I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury.

…………………………………………

Subscribed and Sworn to before me this …… day of ………….., 20…

4

……………………………………
Notary Public

IN THE SUPREME COURT OF THE STATE OF MONTANA

Supreme Court Cause No._____
(To be assigned by the Clerk of the Supreme Court)

_____,

Appellant,

    v.
                                        NOTICE REQUIRING FILING
                                        OF AMENDED NOTICE OF
                                        APPEAL OR CROSS-APPEAL

_____,

Appellee.

NOTICE of ____Appeal____Cross-Appeal was filed on_____ in that cause of action filed in the _____Judicial District, in and for the County of _____, as Cause No._____.  The notice does not contain the following required certification(s):

1. _____ that this cross-appeal ____is/____is not subject to the mediation process required by Rule ___, M.R.App. P.  If subject to mediation, the money judgment being sought is____/is not____less than $5,000.
2. _____ that this cross-appeal _____is/____is not an appeal from an order certified as final under Rule  54(b), M.R.Civ.P.  If this is such an appeal, a true copy of the District Court's certification order is attached hereto as Exhibit "A".
3. _____ that the notice required by Rule 4, M.R.App.P. has been or will be given, within 11 days of the date hereof, to the Supreme Court and to the Montana Attorney General with respect to a challenge to the constitutionality of any act of the Montana Legislature.
4. _____ that all available transcripts of the proceedings in this cause involving the issue(s) appealed _____have been/_____have not been ordered from the court  reporter contemporaneously with the filing of this notice of appeal.  If all available transcripts have not been ordered, that Appellant  _____has complied with the provisions of Rule 7(c)(2), M.R.App.P. contemporaneously with the filing of this notice of appeal.
5. _____ that all available transcripts of the proceedings in this cause involving the issue(s) cross-appealed  _____have been/_____have not been ordered from the court  reporter contemporaneously with the filing of this notice of appeal/ cross-appeal.  If all available transcripts have not been ordered, that Cross-Appellant _____ has complied with the provisions of Rule 7(c)(2), M.R.App.P. contemporaneously with the filing of this notice of appeal.

6._____that a copy of the notice of ____appeal ____cross-appeal has been contemporaneously filed in the office of the Clerk of the District Court and served by mail on all attorneys of record and on all parties not represented by an attorney.

7._____ that the notice of appeal/cross-appeal was not accompanied by the filing fee prescribed by statute  or the affidavit to proceed without the advance payment of fees prescribed in the Appendix of Forms, as Form 3.  PLEASE NOTE THAT THE NOTICE OF APPEAL/CROSS-APPEAL WILL NOT BE FILED UNTIL THE FILING FEE IS PAID OR THE AFFIDAVIT FILED.

**You are hereby directed to correct the above-checked deficiencies within 7 days of the date of this notice and to bring the notice into compliance with Rule 4, M.R.App.P.**

A true copy of this notice has been mailed on the date hereof to all attorneys of record and to all parties not represented by an attorney.

Dated this ____ day of _____2_____.

_____
Clerk of the Supreme Court

7